MORRIS STADLER et al., Respondents, v. MORRIS THAU et al., Defendants, and DANIEL GLASSER et al., Defendants-Appellants.— Orders unanimously affirmed, with twenty dollars costs and disbursements, with leave to the defendants-appellants to answer within ten days after service of order, on payment of said costs. No opinion. Present — Martin, P. J., Townley, Glennon, Dore and Cohn, JJ.

NORLIL REALTY CORPORATION, Landlord, Appellant, v. SIDNEY TOLCHINSKY, Tenant, Respondent. NORLIL REALTY CORPORATION, Landlord, Appellant, v. MAX LONDON, Tenant, Respondent.— Determination affirmed, with costs and disbursements. No opinion. Present — Martin, P. J., Townley, Glennon, Dore and Cohn, JJ.; Martin, P. J., dissents and votes to reverse, dismiss the counterclaim and direct judgment in favor of the landlord for the full amount demanded. [181 Misc. 301.] [See post, p. 975; 268 App. Div. 755.]

(April 21, 1944.)

In the Matter of WALTER E. STANTON, Petitioner, against LEWIS J. VALENTINE, as Police Commissioner of the City of New York, Respondent.

Determination confirmed, with fifty dollars costs and disbursements. (See Matter of Miller v. Kling, 291 N. Y. 65; People ex rel. Guiney v. Valentine, 274 N. Y. 331, 333; People ex rel. Hogan v. French et al., 119 N. Y. 493, 496; People ex rel. Masterson v. French et al., 110 N. Y. 494, 499; People ex rel. Brown v. Greene, 106 App. Div. 230, 232, affd. 184 N. Y. 565.) Martin, P. J., Townley and Glennon, JJ., concur; Untermyer, J., concurs in separate memorandum; Dore, J., dissents in opinion.

UNTERMYER, J. (concurring). Although I agree with Justice Dore that we may consider whether the determination is against the weight of the evidence under section 1296 of the Civil Practice Act, I am nevertheless of the opinion that the determination is not so clearly against the weight of the evidence as to justify overruling the conclusion of the Commissioner. Accordingly, I vote to confirm.

DORE, J. (dissenting). Upon the record in the case at bar there was a preponderance of proof against the finding of petitioner's guilt (Civ. Prac. Act, § 1296, subds. 6, 7; People ex rel. Gilson v. Gibbons, 231 N. Y. 171, 177; Matter of Weber v. Town of Cheektowaga, 284 N. Y. 377, 380); and the determination of guilt on the second charge is inconsistent with acquittal of petitioner and the other officer on the extortion charge.

Accordingly, I dissent and vote to annul and grant a new trial.