LENOX HILL APARTMENTS, INC., Landlord, Appellant, *v.* BERNARD H. GOLDSTEIN, Tenant, Respondent.

Supreme Court, Appellate Term, First Department, June 29, 1944.

*Jacob Goodman* for appellant.

*Samuel Feldman* for respondent.

HAMMER, J. Summary proceeding for nonpayment of rent. As a counterclaim, the tenant, a lawyer, pleaded that although the landlord, prior to the making of the lease, " promised and rep-

resented " there would be doorman service in the building of which the demised premises are a part, no such service was rendered in January, February and March, 1944, to the tenant's damage in the sum of fifty dollars.

After the proceeding was begun the rent was paid. On the trial, however, the tenant abandoned the theory of promise and representation as pleaded in the counterclaim, and his proof was directed to show that although from and including September, 1943, to about the end of that year doorman service was rendered, no such service was given in January, February and March, 1944.

The tenant testified to the lack of such service in those months, and his testimony was corroborated by that of several of the other tenants. The landlord's witness Levit testified to the rendition of the service in said months.

There is no provision in the lease for doorman service.

At the close of the evidence the Trial Judge decided: " I find as a fact that the relationship of the parties contemplated the service of a doorman on the premises. I make a finding there was a diminution of that service. On the basis of that finding, I find for the tenant against the landlord in the amount of six dollars."

Respondent relies on our recent decision in the " bus case " (*Norlil Realty Corp.* v. *Tolchinsky*, 181 Misc. 301, affd. 267 App. Div. 948, 975).

That case is not in point. There it was held that the written lease, which made no reference to bus service, did not express the entire agreement of the parties and that the complete agreement, insofar as the compensation to be paid the landlord for occupation of the premises, consisted of two parts — (1) the agreement of the tenant to pay the rent stipulated in the lease, (2) the agreement of the landlord, in accordance with the offer made by it as evidenced by the sign attached to the building, to furnish free bus service.

Here, as before stated, no obligation of the landlord to furnish doorman service appears in the lease; nor does the evidence establish the tenant's right to undiminished doorman service as held by the Trial Judge; and no claim of actual or constructive eviction is asserted, the tenant retaining possession of the premises. (See *Jackson* v. *Paterno*, 128 App. Div. 474.)

The judgment should be reversed, with thirty dollars costs, and counterclaim dismissed on the merits with costs.

SHIENTAG and EDER, JJ., concur.

Judgment reversed, etc.