JOSEPH EIDELSBERG, Individually and in Behalf of All Tenants Similarly Situated, Plaintiff, *v.* BORCHARD AFFILIATIONS, INC., Defendant.

Supreme Court, Special Term, New York County, June 26, 1947.

*Emanuel Schoenzeit* for plaintiff.

*John G. Clancy* for defendant.

CORCORAN, J. Plaintiff, a tenant in defendant's apartment house, seeks on behalf of himself and other tenants to enjoin the defendant from leaving the passenger elevator unattended by a competent operator and from ever leaving the entrance and vestibule unattended by a doorman.

Plaintiffs are statutory tenants. As such their rights are to be determined as if their leases were still in force.

There is nothing in the leases requiring defendant to supply a doorman, and there has, in fact, been no doorman for several years. The tenants are not entitled to force defendant to supply such service. With respect to the elevator service, all the leases contain the following clause: " If the building, of which the demised premises are a part, supplies manually operated elevator service, Landlord may discontinue such service upon ten (10) days' notice to Tenant without in any way affecting the obligations of Tenant hereunder, provided that within a reasonable time after the expiration of said ten (10) day period Landlord shall commence the substitution of an automatic control type of elevator in lieu of the manually operated elevator, and with due diligence pursue to completion the installation of such automatic control elevator or elevators."

At the time of the execution of the leases there was an automatic control type of elevator in the house. Plaintiffs claim that this fact distinguishes the case from *Hikand* v. *Weller* (64 N. Y. S. 2d 157) and *Dvorkin* v. *Tudor Properties Co., Inc.* (N. Y. L. J., March 20, 1947, p. 1092, col. 4) which held that a landlord may substitute automatic elevator service for manually operated elevator service where the lease so provides.

We construe the clause in question to mean that the landlord may furnish either type of elevator service. The clause specifically authorizes a discontinuance of manually operated elevator service. The only qualification is that the landlord must then substitute the automatic control type of elevator. The intent is clear. If no elevator attendant is supplied, then the tenants are entitled to have an elevator in the building that they themselves can operate.

It would violate the clear intent of the parties to hold that because the automatic type of elevator was already in the building, the clause authorizing the change of service was inoperative.

Judgment for the defendant dismissing the complaint. Settle judgment.