CHIAM RAPHAEL et al., Plaintiffs, *v.* VIOJON REALTY CORP. et al., Defendants.

Supreme Court, Special Term, New York County, April 6, 1949.

*Paul H. Riess* for plaintiffs.

*I. Nathanson* for defendants.

GAVAGAN, J. A group of apartment house tenants brought this action against the landlord asking for a variety of equitable relief. In view of all the evidence, the only relief that can possibly be granted, is to compel the landlord to maintain doorman service.

When the leases were executed, doorman service was regularly supplied. The leases themselves are silent as to its continuance or cessation. In these circumstances, temporary injunctions

have been granted. (*Freeman* v. *103 East 86th St. Realty Corp.*, 196 Misc. 297; *Marks* v. *Goldhorn Realty Corp.;* 196 Misc. 303.) Except for the procedural stage at which they were rendered, those decisions are on all fours with the case at bar. In a fluctuating segment of law, they are the most recent pronouncements of this court.

Other decisions are difficult to reconcile. (*Eidelsberg* v. *Borchard Affiliations*, 190 Misc. 157 [1947]; *Lenox Hill Apts.* v. *Goldstein*, 182 Misc. 605 [1944], followed in *Lenox Hill Apts.* v. *Coogan*, 52 N. Y. S. 2d 40 [1944]. Compare *Norlil Realty Corp.* v. *Tolchinsky*, 181 Misc. 301 [1943], affd. 267 App. Div. 948, motion for leave to appeal denied 267 App. Div. 975.)

In the *Eidelsberg* case (*supra*) the court, after noting the absence of an express promise to supply doorman service, adds that in fact such service had been discontinued for several years. Whether the service was not supplied when the leases were executed, or whether the tenants were barred in equity by their delay is unclear. The fact, however, represents a significant difference between that case and this.

In the *Norlil Realty* case (*supra*) the Appellate Division affirmed a decision which necessarily implied a covenant to supply bus service. At the time the lease was executed, a poster on the premises advertised free bus service to and from the subway, which was inconveniently distant. In a counterclaim to a rent proceeding, the tenant was permitted credit for the value of the bus service which had been stopped because of wartime restrictions. The *Lenox Hill Apt.* cases (*supra*), were similar proceedings except that doorman service instead of bus service was involved. The court found for the landlord and distinguished the *Norlil Realty* case on the ground that no sign was posted advertising the service.

There is a distinction, it said, between advertisements of free bus service and the visible presence of doorman service. A poster is thought to be an '' offer '' which is '' accepted '' by the execution of the lease. But the lease itself being silent as to the matter advertised, the poster did not constitute an *express* term of the agreement simply because it was in writing. If it was part of the lease, it was so by virtue of an inference from the conduct and knowledge of the parties. A prospective tenant would be unaware of free bus service without the poster; a doorman palpably advertises the service he renders. Knowledge of existing accommodations, leads to the inference of expected accommodations and in the light of that knowledge,

the court construes a contractual void. The theory of the " bus case " is that the facts justify the inference that the parties silently assumed that bus service was included in the accommodations covered by the lease. If they had thought of it, both would have agreed to put it in the lease. That being true, the court enforces it, as if they had.

For these reasons, I think the distinction drawn in the *Lenox Hill Apt.* cases (*supra*) is without merit and that the *Norlil Realty* case (*supra*) governs the case at bar. The factual circumstances of these leases justify the implication of an unexpressed obligation to supply doorman service. Once such a clause is implied equity has power to enforce it specifically (*Phillips* v. *Hilmont Realty Corp.*, 195 Misc. 270; see, also, the *Freeman* and *Marks* cases cited in the beginning of this memorandum). The remedy at law for a reduction of rents is inadequate. What the tenants need is protection against civil and perhaps criminal trespass which the unattended entrance to an apartment house on upper Riverside Drive too easily invites.

The decree will be settled in favor of the defendants on all issues except that it will order the defendant to maintain the doorman service in effect when most of the leases were executed. Judgment accordingly is directed to be entered.