Brisach, J.
Plaintiff, a tenant in defendant’s apartment house known as 161 West 75th Street and 174 West 76th Street, borough of Manhattan, city of New York, seeks on behalf of himself and other tenants similarly situated a permanent injunction enjoining the defendants from converting the passenger elevators from manually operated passenger elevators to automatic elevators, from leaving the passenger elevators unattended by competent elevator operators, from ever leaving the entrances and vestibules of the said building unattended by doormen and from withholding and curtailing any of the other services and facilities necessary to the maintenance of the said building in accordance with the standards and customs which prevail in such buildings in the neighborhood in which the said building is located, and for other relief more particularly set forth in the complaint.
Prior to the trial, a notice of amendment, dated February 18, 1949, was served seeking to amend the complaint in various respects. Pursuant to this amendment, which was received in evidence, plaintiff seeks additional relief beyond that which was sought in the complaint and claims that the defendants by reducing the various services which existed on the rent-freeze date of March 1, 1943, have brought about a condition whereby the defendants have demanded, accepted and received rent in excess of the maximum rent on the basis of the services and facilities which were in existence on said March 1,1943. Accordingly, the plaintiff demands treble damages for the overpayment of rent since March 1, 1947, together with reasonable attorneys’ fees and costs.
This case has been fully tried, the parties having been afforded every opportunity to present evidence in substantiation of their respective claims. Both sides were represented by able and experienced counsel. Voluminous testimony was taken and many exhibits offered in evidence. In view of that, it is deemed unnecessary to discuss at length the facts in the case, inasmuch as they are fully disclosed in the record.
*1060 The plaintiffs are tenants under leases known as the “ Rafalsky ” lease. Only a few are tenants under leases directly with the defendants under the Real Estate Board form leases or under leases with the former agents, Pearce & Mayer. All of the “ Rafalsky ” leases have expired, including that of the plaintiff, who is suing individually and in a representative capacity. The plaintiff and a majority of the other tenants, therefore, are statutory tenants. In this capacity their rights are to be determined as if their leases were still in force and the terms of the. leases are projected into the statutory tenancy except where they are plainly inconsistent with the emergency rent regulations (Stern v. Equitable Trust Co., 238 N. Y. 267; Shelton Bldg. Corp. v. Baggett, 188 Misc. 709; 130 West 57 Corp. v. Hyman, 188 Misc. 92).
Upon the credible evidence which I have deemed acceptable, the questions of fact are resolved in favor of the plaintiff. In the court’s opinion the so-called “ Rafalsky ” leases obligate the defendants as landlords of this fifteen-story apartment house, containing about 135 tenants, to furnish manually operated elevators (Dvorkin v. Tudor Properties Co., 71 N. Y. S. 2d 307; Goldberg v. Grant, N. Y. L. J., Nov. 4, 1948, p. 1032, col. 6, Walter, J., mod. 274 App. Div. 993), and the temporary injunction heretofore granted pendente lite is made permanent. Furthermore, and irrespective of such leases, the plaintiffs are entitled to such services by reason of the fact that such services existed at the time the leases were entered into and on the rent-freeze date, to wit, March 1, 1943. By the same token the plaintiffs are entitled to doormen services, as well as intercommunicating telephone services, which likewise were in existence at the time the leases were entered into and in existence on the rent-freeze date of March 1,1943. These three services were vital considerations to the tenants in entering into the leases (see Norlil Realty Corp. v. Tolchinsky, 267 App. Div. 948, motion for leave to appeal denied 267 App. Div. 975; Woods v. Forest Hills South, 172 F. 2d 147; Phillips v. Hilmont Realty Corp., 195 Misc. 270; Raphael v. Viojon Realty Corp., 195 Misc. 229).
With respect to the other items of service, the court finds that they are not of such serious consequence as would entitle plaintiffs to injunctive relief.
The plaintiff’s application for treble damages, as sought by the notice of amendment dated February 18, 1949, is dismissed.
The application of the plaintiff’s attorney for an additional *1061 allowance for the trial of this difficult and extraordinary case pursuant to section 1513 of the Civil Practice Act is granted. Affidavits were to be exchanged and submitted with respect to the amount of the allowance as stipulated in the record in the event the court so found, but in order to avoid further expense and delay the amount can be fixed by a review of the action from its inception. An allowance of $1,000 seems fair and reasonable.
The foregoing constitutes the facts and is the decision and judgment of the court. Judgment directed for plaintiff, with costs.