NATHAN B. FOGELSON, on Behalf of Himself and Others Similarly Situated, Plaintiff, v. RACKFAY CONSTRUCTION Co., INC., Defendant.

DAVID KRAVET, on Behalf of Himself and Others Similarly Situated, Plaintiff, v. RACKLIN & FAGIN CONSTRUCTION Co., INC., Defendant.

MICHAEL LAVISTA, on Behalf of Himself and Others Similarly Situated, Plaintiff, v. OCEANIC ESTATES, INC., Defendant.

Supreme Court, Special Term, Bronx County, June 30, 1949.

*Karl Propper* for plaintiffs.

*H. Leonard King* and *William F. McNulty* for defendants.

NATHAN, J.  These three actions, tried together, are brought on behalf of themselves and others by tenants of the apartment buildings at 1535, 1571, and 1630 Undercliff Avenue, The Bronx, for mandatory injunctions against the landlords of the buildings to furnish bus service.

It is clear from the evidence that the site of the three buildings is some distance from shopping centers, subways, and schools.

To alleviate the resulting inconvenience, the landlords have since 1932 or 1933 supplied jointly a free bus service to tenants. On April 30, 1949, this service was discontinued, and the actions have been brought to compel its restoration.

Plaintiffs contend (1) That they were induced to become tenants in reliance upon defendants' representations that free bus service would be furnished; (2) that bus service was an

essential service being supplied by the landlords on March 1, 1943, the effective date of the Federal rent statutes and regulations; and (3) that great hardship results from the discontinuance.

Defendants contend (1) that no representations are binding on them other than those contained in the leases; (2) that the leases of defendant Oceanic Estates, Inc., expressly permit discontinuance of bus service at any time without notice; (3) that no unusual hardship results; (4) that to compel any of these defendants to operate a bus service is to order the commission of an *ultra vires* and illegal act; and (5) that no right to injunctive relief is given to tenants for enforcement of the Federal rent statutes and regulations.

With respect to premises 1535 and 1571 Undercliff Avenue, owned and operated by defendants Rackfay Construction Co., Inc., and Racklin & Fagin Construction Co., Inc., the leases make no mention of bus service. Under such circumstances the obligation of the landlord to furnish bus service as represented has been established as existing separate and apart from the terms of the lease, even without reference to the Federal statutes and regulations (*Norlil Realty Corp.* v. *Tolchinsky,* 181 Misc. 301, affd. 267 App. Div. 948). Since the obligation exists apart from the lease, it is not extinguished or limited by the customary provision in the lease to the effect that no representations with respect to the lease or tenancy have been made other than those expressly set forth in writing.

It is true that it has been held that the Federal statutes provide a remedy to the tenant only by way of damages, and not by injunction (see *Luftman* v. *Ross,* 75 F. Supp. 627), but plaintiffs do not rely solely upon the Federal statutes for relief. They seek to enforce by injunction a right to a service which the landlord refuses to furnish, although obliged to do so by common-law precedent, as well as by statute. Hardship of itself is not the gravamen of the action, but the evidence is sufficient to establish that continuing injury results from the landlord's failure to meet his obligation, and that plaintiffs' remedy at law is inadequate. Under similar circumstances, the courts of this State have held that injunctive relief is proper (*Phillips* v. *Hilmont Realty Corp.,* 195 Misc. 270; *Raphael* v. *Viojon Realty Corp.,* 195 Misc. 229; *Richman* v. *Fleisher,* 194 Misc. 1060).

With respect, however, to premises 1630 Undercliff Ave., owned and operated by defendant Oceanic Estates, Inc., there are other considerations. A single tenant excepted, and his case

a doubtful one, all of this defendant's leases (the terms of which are carried into statutory tenancies) contain this provision: " Twenty-first — It is understood and agreed that the bus or other transportation service provided or that may hereafter be provided by the Landlord for which the Landlord receives no consideration, is not a part of the service of the building but merely for the convenience of the Tenants, and is voluntarily provided by the Landlord and without any obligation on the part of the Landlord. The Landlord may at any time, without notice to the Tenant hereunder, discontinue such service and such discontinuance shall in no way affect this lease or the term hereby granted, and no claim for damages or abatement or diminution of rent shall be made by the Tenant as a result thereof."

Not only has the landlord specifically reserved the right to discontinue the service, but the tenants in this building have expressly consented to the cessation of the service which they now seek a court of equity to restore by mandatory injunction. Although they have waived all rights to any damages, they are entitled to be compensated by way of reduction in rent or otherwise upon their pending application before the Housing Expediter (see *Absar Realty Co.* v. *Bowles,* 149 F. 2d 654; *Woods* v. *Forest Hills South,* 172 F. 2d 147). That is more than they bargained for, and in equity and good conscience, injunctive relief is not justified as against this defendant.

The only remaining questions are the defenses of *ultra vires* and illegality. That bus operation is not within the powers of the corporate defendants may be disposed of as specious. For sixteen years they have furnished the service under contract with a firm or corporation that is authorized to operate buses. None of the defendants need exceed its corporate powers to perform the obligation it has undertaken.

As to illegality, defendants rely upon the holding in *Surface Transp. Corp.* v. *Reservoir Bus Lines* (271 App. Div. 556) that operation of buses on behalf of a landlord as a free service to his tenants constitutes operation for hire, requiring a franchise, permit, or certificate of convenience. That action, however, was a suit by one transportation company against another to enjoin infringement of or interference with a franchise. There is no evidence in this case that the acts sought to be ordered will constitute any such infringement or interference nor does it appear that the bus service furnished by defendants for sixteen years was without the permission of the proper authorities, nor that

such permission cannot now be obtained. Consequently, the defense of illegality falls.

Defendants Rackfay Construction Co., Inc., and Racklin & Fagin Construction Co., Inc., are therefore directed to restore bus service as previously furnished. An additional allowance of $250 is awarded against each of such defendants pursuant to section 1513 of the Civil Practice Act. The complaint against the defendant Oceanic Estates, Inc., is dismissed.

This constitutes the decision of the court. Settle judgments accordingly on one day's notice.