130 West 57 Corporation, Landlord, Respondent, v. Leah Hyman, Tenant, Appellant, et al., Undertenant.

Supreme Court, Appellate Term, First Department, November 7, 1946.

*Maurice R. Whitebook* for appellant.

*Charles H. Wald* for respondent.

HECHT, J. The landlord instituted summary proceedings to remove the tenant from her apartment on the ground that she violated a substantial obligation of the lease in subletting the apartment without obtaining the landlord's consent. The tenant had entered into a written lease with the landlord's predecessor in title, for a term of one year and seven months, ending on September 30, 1945. No new agreement was entered into between the parties upon the expiration of the term under the written lease. The subletting occurred subsequent to September 30, 1945.

The tenant argues that in the absence of any proof of a new agreement or notice defining the basis of the holding over, the provisions of the written lease are inoperative. This type of tenancy is commonly referred to as a statutory tenancy (*Stern v. Equitable Trust Co.*, 238 N. Y. 267; *Tompkins v. Kornfeld*, 186 Misc. 464; *Royce Haulage Corp. v. Bronx Terminal Garage*, 185 Misc. 892). It does not follow that under such a tenancy the only duty and obligation upon the tenant is to continue payment of the rent payable on the freeze date.

Subdivision (a) of section 6 of the Rent Regulation for Housing in the New York City Defense-Rental Area (8 Federal Register 13917) provides that so long as a tenant continues to pay the rent to which the landlord is entitled he may not be removed from the premises "not withstanding that such tenant has no lease or that his lease or other rental agreement has expired or otherwise terminated". The landlord is compelled by law to allow the tenant to remain in possession of the premises despite the expiration of the lease. There is no option which the landlord may exercise when the tenant holds over (*Stern v. Equitable Trust Co., supra*). The housing emergency calls for such stringent measures but it would be carrying the protection afforded a tenant to an unfair degree to hold that the obligations of the tenancy incorporated in the lease do not govern the relationship of landlord and tenant. The protection afforded the tenant must only be commensurate with the extent of the emergency. The *Stern* case (*supra*) indicates that the Emergency Rent Law of 1920 affected only the term and rental obligation. We are of the opinion that this same rule is applicable under our present emergency regulations and the rights and obligations of the parties under the lease are projected into and become part of the statutory tenancy, except where they are plainly inconsistent with the regulations.

In view of this determination, it follows that the provision in the written lease which had expired on September 30, 1945, providing against the subletting of the premises without the written consent of the landlord is still binding on this tenant and that the provision in the lease for the waiver of jury trial is likewise binding upon her.

There remains, however, the issue whether the court below properly determined the question of fact presented by the tenant's affirmative defense of estoppel. She testified that she obtained the oral consent of the president of the landlord corporation to a subletting on condition that she pay for necessary repairs which had to be made in the apartment. Subsequently, she endeavored to obtain from a partner in the law firm representing the landlord a written consent but was told that this was unnecessary because the president's word was sufficient. Thereafter, she made repairs in the apartment costing $350. The painting work was done by the painter who was regularly employed by the landlord. There is nothing in the record to refute this story of the tenant, although it was within the power of the landlord to produce the necessary witnesses with whom the tenant claimed she had her conversations. At the very end of the trial, landlord's counsel offered to produce several witnesses in rebuttal but it appears that the court below thought such testimony was unnecessary. This proof should have been received.

The final order should be reversed and a new trial ordered, with $30 costs to appellant to abide the event. The order denying tenant's motion for a jury trial should be affirmed.

McLAUGHLIN and EDER, JJ., concur.

Order reversed, etc.