ISADORE GLAUBERMAN, Plaintiff, *v.* UNIVERSITY PLACE APARTMENTS, INC., Defendant.

Supreme Court, Special Term, New York County, December 10, 1946.

*Isadore Glauberman,* plaintiff in person.
*Leslie Lester* for defendant.

GAVAGAN, J. This is an action for a declaratory judgment pursuant to section 473 of the Civil Practice Act. Plaintiff seeks a determination as to whether he has a right to assign or sublet the apartment occupied by him at premises 1 University Place, in the borough of Manhattan, city of New York. The occupancy was under a series of leases, the last dated August 26, 1944, for a term of one year from October 1, 1944, to September 30, 1945. The lease contained an expressed and unqualified covenant against assignment and subletting without the *written consent* of the landlord.

The plaintiff contends that at the expiration of his lease he became a statutory tenant under the emergency rent legislation, both Federal and State, and that the lease having expired he holds a tenancy free from the operation of the terms and conditions of the lease against assignment and subletting and that he is entitled to a judgment of this court so declaring.

The emergency statutory provisions applicable herein, both National and State, must be construed in the light of and for the purposes intended to be guarded and protected. The protection afforded should not be carried to an unfair degree. The protection afforded the tenant must be commensurate with the extent of the emergency. The emergency required legislative fiat to protect tenants from the greed and avarice of landlords. The power of the landlord to extract rent was curbed, but the terms and conditions of an existing lease were not otherwise intended to be disturbed, modified or changed. The plaintiff, because of the provisions of the statutes and regulations, became a statutory tenant as to term and rental obligation, but subject to the rights and obligations of the lease not otherwise affected. The rights and obligations of the parties under the lease are projected into and become part of the statutory tenancy, except where they are plainly inconsistent with the act. (*130 West 57th Corp.* v. *Hyman,* 188 Misc. 92.*)

The covenant against assignment or subletting of demised premises *without the written consent* of the landlord has been regarded by the courts as a valued right and courts of equity have been zealous in the protection and enforcement thereof. Any legislative act in repeal of such right should be strictly construed. I find no such legislative intention in the emergency rent control acts and regulations, Federal or State. Possibly, the situation existing between the parties is such that they might be left to relief by existing forms of action and this court might in the

---

* See, also, *Shelton Bldg. Corp.* v. *Baggett,* 188 Misc. 709.— [REP.

exercise of its discretion decline to declare the rights of the parties (Rules Civ. Prac., rule 212). In view of the affirmative relief demanded by defendant I am of the opinion that the exercise of discretion requires me to exercise jurisdiction and decree the rights of the parties.

Accordingly, the complaint of the plaintiff is dismissed and judgment is directed to be entered in favor of the defendant, as prayed for in the answer and in accordance with this decision. Settle judgment.