SHELTON BUILDING CORP., Landlord, Appellant, *v.* MRS. RAYMOND BAGGETT, Tenant, Respondent, and " JOHN DOE ", Undertenant, Respondent.

Supreme Court, Appellate Term, Second Department, March 10, 1947.

*Victor Whitehorn* and *Jules Whitehorn* for appellant.

*Leo Dikman* for tenant, respondent.

MEMORANDUM *Per Curiam.* It was error to dismiss the landlord's petition for failure to serve a thirty days' notice to terminate the tenancy. Such notice was not required under the terms of the lease which expired on May 31, 1945, or under the Rent Regulation for Housing. The tenant, by continuing in possession after that date, became a statutory tenant (*Stern* v. *Equitable Trust Co.,* 238 N. Y. 267; *Tompkins* v. *Kornfeld,* 186 Misc. 464; *Royce Haulage Corp* v. *Bronx Terminal'Garage,* 185 Misc. 892). Under such a tenancy the terms and conditions of the lease are deemed to continue in effect except where they are plainly inconsistent with the emergency rent regulations (*Stern* v. *Equitable Trust Co., supra; 130 West 57 Corp.* v. *Hyman,* 188 Misc. 92; *Gilpin* v. *Mutual Life Ins. Co. of N. Y.,* 64 N. Y. S. 2d 436). The provision against the subletting of the apartment without the written consent of the. landlord remained binding upon the tenant. Its breach constituted a violation of a substantial obligation of the tenancy so as to authorize removal proceedings against her under paragraph (3) of subdivision (a) of section 6 of the Rent Regulation for Housing in the New York City Defense-Rental Area (8 Federal Register 13918).

The final order should be reversed on the law, with $30 costs to the landlord, and final order directed for the landlord.

MACCRATE STEINBRINK and FENNELLY, JJ., concur.

Order reversed, etc.