SAUL RABINOVITZ, Plaintiff, *v.* ALLAN C. WILLIAMSON et al., as Administrators with the Will Annexed of CHARLES D. STRANG, Deceased, Defendants.

Supreme Court, Special Term, Kings County, December 18, 1948.

*Nathan Siegel, Jr.,* for plaintiff.

*Herdling & Scharf* for defendants.

FROESSEL, J. Defendants move for summary judgment dismissing the complaint. Plaintiff cross-moves for summary judgment in his favor.

On March 14, 1941, defendants, as administrators with the will annexed of the estate of Charles D. Strang, leased to Lawrence Singer certain premises to be used as a public garage and automobile repair shop. The term of the lease was for five years ending March 31, 1946. On January 8, 1942, by an agreement made between Singer, the plaintiff and the defendants, Singer assigned the lease to the plaintiff, and the defendants consented to the assignment and extended the term of the lease to December 31, 1946. Since the expiration of the lease, plaintiff has remained in possession as a statutory tenant.

The lease contained a clause providing that in the event the landlord should receive and be satisfied to accept a bona fide offer to purchase the said premises during the term of the lease, the landlord would give to the tenant the privilege of purchasing the said premises at the price, and upon the terms of the offer so made. No such offer was received by the landlord prior to the expiration of the lease on December 31, 1946, but on May 25, 1948, defendants contracted to sell the property to one Rosen, to whom title was conveyed on July 7, 1948. Plaintiff brought this action to obtain specific performance of the option to pur-

chase the said premises. Rosen commenced a summary proceeding to recover possession of the property, which proceeding has been consolidated with this action.

The complaint purports to allege three causes of action. The first is based on the theory that the lease, including the option clause, was extended by agreement between the plaintiff and the defendants. The second is based on the theory that since plaintiff is a statutory tenant, the terms of the lease have been extended by operation of law. The third cause of action incorporates by reference the allegations of the first two causes of action, and in addition, alleges that plaintiff has made valuable improvements and repairs to the premises, relying upon the agreement and the option therein contained.

Plaintiff's claim to a renewal of the lease is based upon conversations had with one of the defendant administrators and a letter written by him to the plaintiff on December 5, 1946, as follows: " This will confirm telephone conversation of December 2nd, that I will renew your lease when it expires in January, 1947." Aside from the claim that this letter does not satisfy the requirements of the Statute of Frauds, the one administrator alone was without power to make a valid lease with the plaintiff. Section 166 of the Real Property Law provides, in part, as follows: " Where a power is vested in two or more persons, all must unite in its execution * * *." Concededly, the other administrator did not sign this letter. The first cause of action is without merit. (*Wilder* v. *Ranney,* 95 N. Y. 7.)

As to the second cause of action, it is true that our courts have held that terms and conditions of a written lease relating to conditions which the Legislature sought to relieve, namely, placing a ceiling on rents and preventing widespread evictions (*Morse & Grossman, Inc.,* v. *Acker & Co.,* 297 N. Y. 304, 310) are projected into the statutory tenancy. Instances of the kind favoring the tenant relate to services to which the tenants are entitled; to deprive them of these rights would be tantamount to increasing their rent. Instances which may be said to favor the landlord are cases relating to the tenant's waiver of a jury trial; a right with respect to the manner of adjudication which both parties agreed to, and which was made an integral part of the *landlord and tenant relationship,* the continuance of which is forced upon the landlord against his will by the Commercial Rent Law. (L. 1945, ch. 3, as amd.)

The question here presented is whether the provision of the written lease hereinbefore referred to, giving the tenant the option or privilege of purchasing the premises upon the same

terms as any bona fide offer satisfactory to the landlord, is projected into the statutory tenancy.

The lease under consideration here, by its express provisions, limits the exercise of the privilege to such cases only where the bona fide offer to purchase is received '' during the term of this lease.'' The term of '' this lease '' is expressly stated to be '' five (5) years.'' This is tantamount to providing that the tenant's privilege or option expired on March 31, 1946, under the original lease, and on December 31, 1946, under the written extension and assignment agreement of January 8, 1942.

In any event, it was not projected into the statutory tenancy. The option provision is not inconsistent with the statute. It in no wise affected the enjoyment of the premises leased by the tenant, *as tenant,* under a landlord and tenant relationship. As a possible owner, the situation may be otherwise, but the statute was not enacted for the benefit of possible owners, under an optionor-optionee relationship. Our Legislature did not find the existence of an emergency with respect to the exercise of options.

The situation here presented is not unlike that found in *Friederang* v. *Aldo Co.* (199 App. Div. 127). There, a lease for four months contained an option that could be exercised '' at any time during such tenancy '' (in the case at bar, it could be exercised '' during the term of this lease ''). The tenant in the cited case continued in possession of the premises as a holdover, and about two years after the end of the original four-month term, he sought to exercise the option to purchase. Our Appellate Division held that the option was '' limited to the fourth months tenancy '', and was not carried over into the holdover tenancy, notwithstanding the fact that the holdover tenancy was contractual and voluntary, and the landlord was free to employ eviction proceedings. Certainly the same result should follow in the instant case, where the tenant's holdover was forced upon the landlord and the latter's right of eviction restrained.

In the comparatively recent case of *Gross* v. *Libby Properties, Inc.* (72 N. Y. S. 2d 918) the lease under which plaintiff had occupied the premises before he became a statutory tenant provided that he had the right to sublet all or part of the premises. *After* the expiration of the lease, the tenant did sublet part of the premises. The landlord refused freight elevator service to said sublessee. Special Term held in effect that the right to sublet after expiration of the written lease was projected into the statutory tenancy. The Appellate Divi-

sion reversed Special Term, and declined to pronounce a declaratory judgment determining the rights of the parties after the expiration of the lease, stating: "Whether or to what extent a right to sublet contained in a lease survives the expiration of the lease and entitles the tenant to make a new sublease during his statutory tenancy is a question we do not pass upon." (273 App. Div. 851.) The Court of Appeals, in affirming the Appellate Division, specifically said that "we do not reach the merits of any question sought to be raised by the parties" (298 N. Y. 514). These reservations of our appellate courts are not without significance. Under all the circumstances, I am of the opinion that the option clause in the lease under consideration was not carried over into the statutory tenancy, and that the second cause of action is legally insufficient.

The plaintiff's further contention that the memorandum decision of Special Term with respect to the motion to consolidate is now the law of the case is without merit, for it is elementary that a judicial opinion is authority only for what is actually decided (*Rolfe* v. *Hewitt,* 227 N. Y. 486, 494). The prior decision upon which the plaintiff relies is authority only for the proposition that the summary proceeding should be tried with this action.

In the light of the foregoing views, the third cause of action must also fall. It merely adds to the first two causes of action the statement that plaintiff has made valuable improvements and repairs to the premises, relying upon the agreement and the option. Since there was neither agreement nor existing option, the third cause of action is likewise legally insufficient.

Inasmuch as both sides, by their respective motions, agree that no triable issues are presented, and there is virtually no dispute as to the facts, defendants' motion for summary judgment dismissing the complaint must be granted, and plaintiff's cross motion denied.

Submit orders accordingly.