M. Adler's Son, Inc., Plaintiff, *v.* Front Line Sweaters, Inc., Defendant.

Supreme Court, Special Term, New York County, June 20, 1949.

*Hyman R. Shapiro* for plaintiff.

*Hamilton Lieb* for defendant.

McNally, J. The plaintiff seeks judgment restraining the defendant from maintaining a " to let " sign on the exterior of the premises leased by the defendant to the plaintiff. By lease dated May 10, 1946, the defendant demised to the plaintiff the east and west store and basement at premises in the borough of Manhattan known as and by the street number 34–38 West 27th Street, for the period commencing June 1, 1946, and terminating January 31, 1949. The lease contains the following, among other provisions: " During the six months prior to the expiration of the term of this lease, Landlord may  *  *  *  place upon said premises the usual notices ' To Let '  *  *  *."

Since January 31, 1949, the plaintiff has been in possession of said premises as a statutory tenant. In or about May, 1949, the defendant caused to be placed on the exterior of plaintiff's premises a sign to the effect that the premises are for rent. Plaintiff seeks a permanent injunction restraining the defendant from continuing to maintain the said sign.

It has been held that the effect of a statutory tenancy is to project therein the rights and obligations of the parties as set out in the lease unless they are plainly inconsistent with the purpose of the emergency rent law (*130 West 57 Corp.* v. *Hyman,* 188 Misc. 92). A special provision for the erection and mainte-

nance of a sign of the character here involved does not violate the underlying purposes of the statute. Consequently, insofar as is practicable, the covenant is to be given effect. As has been indicated heretofore, the plaintiff is presently in possession by virtue of the emergency statute, the operation of which has been extended until July 1, 1950 (L. 1945, ch. 3, § 18, as added by L. 1949, ch. 534, § 1). The plaintiff alleges and the evidence shows that it intends to remain in possession. Prima facie, therefore, the plaintiff's term is coextensive with the duration of the emergency, as defined by the statute. That period is in excess of six months. Consequently, the right to erect and maintain the said sign has not materialized.

Settle judgment with provision for the removal of said sign and restraining the defendant from maintaining the same. No costs.