11 WEST 42ND STREET, INC., Plaintiff, *v.* ELZEE REALTY CORP., Defendant.

Supreme Court, Special Term, New York County, April 3, 1951.

*Louis Okin* for plaintiff.

*Bernard Weiss* for defendant.

WALTER, J. By lease dated August 12, 1942, plaintiff leased to defendant a store on West 42nd Street for a term of five years from September 1, 1942, to August 31, 1947. By paragraph eleventh of the lease defendant agreed to permit " For Rent " signs to be placed and maintained at such points and of such size and description as plaintiff may select, upon the walls, doors and windows of the demised premises " at any time during the six months prior to the expiration of the term hereby demised." Defendant also thereby granted plaintiff permission to enter the demised premises for the purpose of placing and maintaining the aforesaid signs and of showing the premises to persons wishing to hire the same or any part thereof. Paragraph twentieth of the lease provides that in the event of a breach or threatened breach by defendant of any of the terms, conditions or covenants of the lease, plaintiff shall have the right of injunction.

Since the expiration of the term of the lease on August 31, 1947, defendant has remained in possession as a statutory tenant by virtue of the emergency rent control laws which have been in effect since January, 1945.

In January, 1950, plaintiff attempted to place such " For Rent " signs. Defendant refused to permit them to remain, and plaintiff brought this action to enjoin defendant from refusing to permit the signs.

The impact of the emergency rent laws upon the lease produces a situation which is unusual and somewhat difficult for both parties. Although the term of the lease has expired, defendant has, under the statute, a right, generally speaking, to remain in possession so long as the Legislature declares that the emergency which gave rise to the statute still continues. Having such right, and not being in a position where it knows it must vacate on a certain day, defendant naturally does not desire to have signs in its store announcing that its premises are for rent and thus conveying to its customers the idea that it is about to move. But defendant contracted for a stated term only, and further contracted that " For Rent " signs may be placed in its store before the time when its right to occupy expires. The statute unexpectedly gave defendant

a longer tenure than it contracted for, but it did not thereby lessen plaintiff's contractual right to place signs before the expiration of defendant's right of occupancy.

Furthermore, defendant's right to remain in possession is by no means absolute, or unqualified, or certain to continue as long as the emergency lasts. Under the statute there are several things which may happen which will enable plaintiff to evict defendant before the expiration of the emergency. One of these things is an unreasonable refusal to permit the landlord to have access for the purpose of showing the store to a prospective purchaser or mortgagee or other person having a legitimate interest therein (L. 1945, ch. 314, § 8, subd. [a], as amd. by L. 1949, ch. 535). Another of those things is a violation by defendant of a substantial obligation of his lease other than an obligation to pay rent (§ 8, subd. [b]). Still a third possible event is that if plaintiff should receive and accept a bona fide offer to enter into a lease with a prospective tenant at a rental of $7,500 per year or more, for a term of not less than ten years, noncancelable except for violation of a term or condition of such lease, and should offer defendant a lease containing the same terms and conditions, and if defendant should then fail to execute such lease within thirty days after its being tendered, plaintiff would then be free to evict defendant and lease the store to a new tenant (L. 1945, ch. 314, § 8, subd. [k], as amd. by L. 1949, ch. 535).

I do not decide, because the point has not been litigated, that defendant already has given plaintiff a right to evict it; but I throw out for serious consideration the thought that defendant perhaps already has violated a substantial obligation of its lease by refusing to permit the placing of '' For Rent '' signs.

Wholly aside from that, however, and assuming *arguendo* that defendant has not yet given plaintiff a ground for immediately evicting it, the statute makes it entirely clear that a right to evict may arise if and when plaintiff obtains such an offer as subdivision (k) of section 8 describes.

Plaintiff, of course, does not contend that it already has gotten such an offer. It wants to put up the '' For Rent '' signs as a means of attracting such an offer.

Defendant's argument that, although plaintiff has a right to put up signs, it does not have that right *now* because the Legislature has extended the emergency to a date more than six months distant, impressed me upon the motion for a temporary injunction as quite important because of Mr. Justice McNALLY's

decision in *Adler's Son* v. *Front Line Sweaters* (195 Misc. 352). I now think that argument is of no consequence at all, not only because of the subsequent opinion of the Appellate Division herein, but, also, because of the fact, completely overlooked by me upon the motion for a temporary injunction and apparently overlooked also by Mr. Justice McNALLY, that the mere extension of the period of the emergency to a date more than six months distant does not necessarily extend defendant's right of occupancy to that date. Plaintiff may get a section 8, subdivision (k), offer within a week after it puts up a "For Rent" sign, and defendant's right of occupancy may end in slightly over one month thereafter.

The situation thus is that plaintiff has a statutory right to receive and accept an offer to rent the store to another tenant and a contractual right to put up signs announcing that the store is for rent and enjoin defendant from breaching its obligation to permit such signs.

The Appellate Division, nevertheless, has said that before being awarded equitable relief plaintiff must show that its application is made in good faith to accomplish the end provided for by the statute (*11 West 42nd St.* v. *Elzee Realty Corp.*, 277 App. Div. 434, 435).

I am not at all sure that I know what is meant by that phrase, but I have taken such evidence as the parties have offered and from it I find that plaintiff seeks to place the "For Rent" signs in the premises for the bona fide purpose of securing a new tenant; that the placing of such signs is the method adopted and normally and usually used by plaintiff as its method of securing new tenants, and that plaintiff honestly and reasonably believes that the placing of such signs is the best way of securing new tenants.

There, of course, are other methods sometimes used by other landlords as a means of securing tenants, such as advertising in newspapers and engaging the services of real estate brokers; but the fact that in the regular course of its business plaintiff sees fit not to resort to those methods does not seem to me to have even a remote bearing upon plaintiff's good faith. I do not think there is any law in this State which permits any judge to say that plaintiff must conduct its business according to the judge's idea of how its business should be run as a condition to getting that judge to enforce a right which plaintiff has by law and by contract.

There is no evidence that plaintiff has any ulterior motive or is acting maliciously with intent to hurt defendant or that

it intends or desires to make the signs needlessly large or numerous or conspicuous. I see nothing in the evidence which even remotely tends to impugn plaintiff's good faith.

I find that plaintiff is acting in good faith to accomplish an end provided for and accorded to it by the statute; and I hence conclude that it is entitled to an injunction as prayed for (*11 West 42nd St.* v. *Elzee Realty Corp.,* 277 App. Div. 434, *supra; Powers* v. *Chambers,* N. Y. L. J., Dec. 14, 1950, p. 1582, col. 3, WASSERVOGEL, Off. Ref.).

I direct the entry of judgment accordingly, with costs.

The foregoing constitutes the decision required by the Civil Practice Act and judgment is to be entered thereon.