JOHN BISBANO et al., Respondents, v. 42–20 RESTAURANT CORP. et al., Appellants.— In a summary proceeding by landlords to evict a tenant and undertenant as holdovers, said tenant and undertenant appeal, pursuant to leave granted, from the order of the Appellate Term, reversing a final order of the Municipal Court, Borough of Queens, which dismissed the petition on the merits, and directing final order for the landlords. Order affirmed, with costs. The lease contained a provision giving the tenant and its successors the right to assign the agreement without the landlords' consent. After the expiration of the lease, while it was in possession as a statutory tenant (Business Rent Law; L. 1945, ch. 314, as amd.; *Stern* v. *Equitable Trust Co.*, 238 N. Y. 267), tenant assigned its rights to undertenant and put him into possession without the consent of the landlords, who thereupon commenced these proceedings on the ground that such action constituted a violation of a substantial obligation of the tenancy (Business Rent Law, § 8, subd. [b], cl. [1]). In our opinion, the right to assign did not survive the expiration of the lease. In the statutory tenancy which ensues upon the ending of the term of a lease, the law looks to the expired agreement to ascertain the services required of the landlord and the obligations of the tenant. (Commercial Rent Law, § 6; L. 1945, ch. 3, as amd.; Business Rent Law, § 6; State Residential Rent Law, § 4, subd. 5, par. [b]; L. 1946, ch. 274, as amd.; Rent and Eviction Regulations, § 23; Com-

mercial Rent Law, § 8, subd. [b], cl. [1]; Business Rent Law, § 8, subd. [b], cl. [1]; State Residential Rent Law, § 5, subd. 1, par. [a]; N. Y. Legis. Doc., 1945, No. 2, p. 20, recommendation 7; *Rabinovitz* v. *Williamson*, 194 Misc. 17, 19, affd. 275 App. Div. 841, motion for leave to appeal denied 299 N. Y. 800.) Such provisions of the lease, unless expressly limited therein to the term thereof, are projected into the statutory tenancy, as are any other terms necessary to work out the complete relationship. (*660 Locust St. Corp.* v. *Mac-Pherson*, 279 App. Div. 927; *Wasservogel* v. *Meyerowitz*, 300 N. Y. 125, 131.) In order to effectuate the basic purposes of the emergency rent laws, namely, to curb exorbitant rents and widespread evictions, it is unnecessary to allow this statutory tenant the right to put a new party into possession under the assignment clause of the expired lease (*Rabinovitz* v. *Williamson, supra*). Said clause not being such a provision as is projected into the statutory tenancy, the tenant herein violated a substantial obligation of its tenancy when it put the undertenant into possession of the premises. (*Hunt* v. *Gilmore*, 198 Misc. 50, 53; *Greif Realty Corp.* v. *Moroff*, 82 N. Y. S. 2d 396.) Carswell, Adel, Wenzel and Schmidt, JJ., concur; Nolan, P. J., dissents and votes to reverse the order of the Appellate Term, with the following memorandum: This proceeding was brought to evict appellants on the ground that they had violated a substantial obligation of the lease under which the premises involved were occupied, by permitting the premises to be occupied by a person who was not the tenant named therein. The violation asserted was that the lease had been assigned to the new tenant without the landlord's consent. The lease provided, by paragraph 24 thereof, that it might be so assigned, notwithstanding a contrary provision in paragraph 4. The effect of these two paragraphs of the lease, when read together, was to eliminate the prohibition against assignment. Since there was no prohibition against assignment in the lease, none should be implied with respect to the tenant's statutory occupancy after the lease had expired (*18th Ave. Pharmacy* v. *Wilmant Realty Corp.*, 95 N. Y. S. 2d 534); and to sustain the final order resort may not be had to grounds other than those upon which it is based. (*Van Walderveen* v. *Martin*, 195 Misc. 91.) [See *post*, p. 828.]