Per Curiam.

The proof indisputably indicated a violation of the express terms of the lease, projected into the statutory tenancy, of use by “ tenant’s immediate family only” and against occupancy ‘‘ in whole or in part by any other person ’’ or “ by parties other than as aforesaid ’’. Even if tenants ’ evidence were accepted, a third cousin is obviously not a member of one’s immediate family. Sufficient notice and adequate time *805 were given to terminate the prohibited occupancy, but tenants refused to correct the situation on the ground that they had a right to help this “ third cousin ” temporarily until she found a new place. The circumstances indicate that the occupancy was not a mere visit or a temporary expedient. The property is landlord’s subject only to tenants’ use within the terms of the lease. The persistent violation is clear despite the protestations of tenants that they are not receiving any rent from the occupant.
The final order should be reversed, with $30 costs, and final order directed for landlord as prayed for in petition, with costs.
Hofstadter, Eder and Tilzer, JJ., concur.
Pinal order reversed, etc.