George Starke, J.
In this holdover proceeding the landlord seeks to evict the tenant for breach of a substantial obligation of her tenancy. The facts have been stipulated, the issues narrowed and the court’s path charted and circumscribed.
The agreed facts are that the tenant, a residential statutory tenant since the inception of rent control, entered into a written lease on February 2, 1954 with the then landlord for a term of two years expiring January 31, 1956 at an increased rental. This lease contained the usual restrictive provisions limiting the use of the apartment to the tenant and her immediate family and prohibiting assignments or sublettings. However, a specific provision in the lease provided: ‘' The Tenant has the right to sublet this apartment, subtenant to be approved by the Landlord, anytime during the term of this lease. However, Landlord will not withhold his reasonable consent.” (Italics mine.)
The State Rent and Eviction Regulations of the Rent Commission require (§ 33, subd. 2) the filing of a “ Report of Lease ’ ’ certifying that the landlord is maintaining all essential services furnished or required to be furnished as of the date determining the maximum rent and will continue to do so as long as the increase in maximum rent continues in effect; (a like provision must be included in the lease) and a statement of any additional services or equipment furnished to the tenant as a consideration for the execution of the lease.
The lease here contains such a certification and a proper “ Report of Lease ’’ was duly filed with the Rent Commission.
In accordance with the quoted permissive provision in the lease, the tenant sublet her apartment with the then and present landlord’s consent (the present landlord having acquired the property in 1955) during the winters (January through March) of 1954, 1955 and 1956.
As indicated before, the lease expired January 1, 1956, and the tenant continued in possession as a statutory tenant. In November, 1956 the tenant sought the landlord’s permission to sublet for the 1957 winter season. Permission was refused by the landlord who claimed that the privilege to sublet expired when the lease ended. The tenant, nevertheless, proceeded to sublet the apartment effective from January, 1957. Promptly, after notices to desist proved abortive, this holdover proceeding followed, the landlord claiming a breach of a substantial obligation of the tenant’s tenancy; and the tenant claiming that the right to sublet survived the expiration of the lease as an “ essential service ” that the landlord is required to furnish.
*393 The issue sub judice, is: Did the right in the lease to sublet project into the statutory tenancy after the expiration of the lease?
Factually, the tenant contends that the ‘ ‘ Report of Lease ’ ’ certifies the furnishing of the essential services as of the date determining the maximum rent; that the date determining the maximum rent is February 2, 1954- — the date of the execution of the lease; and essential services include the sublet rights.
The difficulty with this contention, however, is that the Rent and Eviction Regulations prescribe the date determining the maximum rent as March 1, 1950 (§ 21, subd. 2); and define essential services as (§ 3, subd. 4): “ Those essential services which the landlord was providing, or which he was obligated to provide, on March 1, 1950, and which were included with the maximum rent for the housing accommodation on that date. These may include, for example, any or all of the following: repairs, decorating and maintenance, the furnishing of light, heat, hot and cold water, telephone, elevator service, kitchen, bath and laundry facilities and privileges, maid service, linen service, janitor service, and removal of refuse.”
In any event, since the tenant had no right to sublet prior to the execution of the lease and since the lease limits that right only during the term of the lease, the tenant’s reliance on the “ Report of Lease ” is misplaced. The “ Report of Lease ” is primarily for the Rent Commission’s statistical and supervisory purpose; it does not create or vest rights.
Legally, the tenant argues, that the right to sublet is projected into the statutory tenancy notwithstanding the limitation in the lease that the right to sublet was only available “ any time during the term of this lease.” With this contention, the court cannot agree.
A statutory tenant has only those rights which the Emergency Rent Laws specifically provide (cf. Drinkhouse v. Parka Corp., 3 N Y 2d 82). These laws permit a statutory tenant to hold over ‘ ‘ not because he has any property right or estate in the premises, but because the emergency laws forbid his eviction ’ ’ (Wasservogel v. Meyerowitz, 300 N. Y. 125, 132), but do not permit a tenant to commercialize with the premises as an owner while restricting the landlord’s right of ownership. The spirit and purpose of the rent laws require no such extension of rights which would have been unavailing were there no rent control. “ H[er] occupancy of the apartment after h[er] lease expired was not under any agreement express or implied but by virtue of a compulsion exerted on the landlord by the *394 local emergency rent law which allowed h[er] to remain in possession.” (Whitmarsh v. Farnell, 298 N. Y. 336, 343.)
The rationale permeating present residential rent control is threefold: — assurance to a tenant in possession of his right to continued possession, at a controlled rental, with a continuation of those services in effect on the maximum State rent date. An extension of those rights beyond the purport of rent control is neither warranted nor justifiable.
Restrictive covenants in leases have been projected into the statutory tenancy after the expiration of the lease. Thus, a restriction in an expired lease against an assignment or subletting was projected into the statutory tenancy. (Glauberman v. University Place Apts., 188 Misc. 277, affd. 272 App. Div. 758, motion for leave to appeal dismissed 297 N. Y. 587); as was a restriction against subletting without the landlord’s consent (130 West 57 Corp. v. Hyman, 188 Misc. 92); and a waiver of a jury trial (Jamaica Investors v. Blacharsh, 193 Misc. 949).
The reason given is “ The protection afforded the tenant must only'be commensurate with the extent of the emergency.” (130 West 57 Corp. v. Hyman, 188 Misc. 92, 93, supra.)
Permissive or optional covenants contained in written leases have not been projected into the statutory tenancy. Thus, an automatic renewal clause (Park View Gardens v. Greene, 274 App. Div. 1062); a provision for a concession (Miltonian Realty Corp. v. Markowitz, 184 Misc. 360; Macsher Realty Corp. v. Knobler, 184 Misc. 56); or an option to purchase (Rabinovitz v. Williamson, 194 Misc. 17, affd. 275 App. Div. 841, motion for leave to appeal denied 299 N. Y. 800) were held not projected into the statutory tenancy. The reason for it is aptly summarized by Mr. Justice Froessel in Rabinovitz v. Williamson (supra p. 20): “ Our Legislature did not find the existence of an emergency with respect to the exercise of options.”
The lease limits the tenant’s right to sublet only during the term of the lease. This is tantamount to providing that the tenant’s privilege to sublet expired on January 31, 1956 when the lease expired. Such a limitation “ during the term of this lease ’ ’ has been recognized as effective where an option to purchase was involved, as in Rabinovitz v. Williamson (supra).
The answer to the issue posed herein, involving commercial space, has been answered in the negative in Leventhal v. 128 West 30th St. Corp. (158 N. Y. S. 2d 398, 401) wherein the court said: “ The right to sublet is not essential in order to effectuate the basic purposes of the Emergency Rent Laws and to confer such a right to a statutory tenant would be in *395 excess of the demands of the emergency declared and the remedies enacted by the Legislature. The Emergency Bent Laws extend the right of the plaintiff to remain in possession against the will of the landlord and do not permit him to deal with the premises as an owner while depriving the landlord of acts of ownership. I am of the opinion that the spirit of the Emergency Bent Laws and of analogous and persuasive cases leads to the conclusion that the subletting provision of the lease is not projected.”
A striking situation, involving commercial space (but the court can see no distinction, as the purpose of the rent laws is essentially the same) occurred in Bisbano v. 42-20 Restaurant Corp., 280 App. Div. 790, appeal dismissed 304 N. Y. 780.) There, a lease contained a provision giving the tenant the right to assign without the landlord’s consent. After the expiration of the lease, the tenant assigned its rights to an undertenant without the landlord’s consent. The landlord instituted holdover proceedings on the basis that the tenant had violated a substantial obligation of the tenancy and the court there held: “ In our opinion, the right to assign did not survive the expiration of the lease. In the statutory tenancy which ensues upon the ending of the term of a lease, the law looks to the expired agreement to ascertain the services required of the landlord and the obligations of the tenant. [Citing cases and Commercial and Besidential Bent Law sections.] Such provisions of the lease, unless expressly limited therein to the term thereof, are projected into the statutory tenancy, as are any other terms necessary to work out the complete relationship. [Citing cases.] In order to effectuate the basic purposes of the emergency rent laws, namely, to curb exorbitant rents and widespread evictions, it is unnecessary to allow this statutory tenant the right to put a new party into possession under the assignment clause of the expired lease. [Citing authorities.] Said clause not being such a provision as is projected into the statutory tenancy, the tenant herein violated a substantial obligation of its tenancy when it put the undertenant into possession of the premises. [Citing cases.] ”
Provisions of an expired lease which were not in conflict with the State Residential Rent Law (L. 1946, ch. 274, as amd. § 1 et seep) and Rent and Eviction Regulations governing evictions are not projected into the statutory tenancy where the provisions are confined to the period of the lease. (660 Locust St. Corp. v. MacPherson, 279 App. Div. 927, citing Wasservogel v. Meyerowits, 300 N. Y. 125, supra). There the Court of Appeals *396 said (p. 131): “ The law reads some terms of an express lease into a later statutory tenancy, so as to work out a complete relationship (Stern v. Equitable Trust Go., supra [238 N. Y. 267]) but it never so carries over, into a statutory tenancy, lease provisions which the parties themselves, in plain words, have agreed should be effective only during the running of the original lease (see Rabinovits v. Williamson, 275 App. Div. 841, motion for leave to appeal denied 299 N. Y. 800). If these parties had wished their ' escalator clauses ’ to survive beyond the leases themselves, and to run into the statutory tenancy, they could have said so (see Matter of Moore [Chira], 275 App. Div. 956, motion for leave to appeal denied 300 N. Y. 764).”
The undertenant, a party to this proceeding, has no status or right to protection, for he is a mere intruder. (Hunt v. Gilmore, 198 Misc. 50; Greif Realty Corp. v. Moroff, 82 N. Y. S. 2d 396.)
In this proceeding, the tenant’s right to sublet was conditioned upon (a) that it would occur during the term of the lease, and (b) that the subtenant would be approved by the landlord. The tenant did not receive the consent of the landlord; in fact, the tenant sublet prior to even asking for landlord’s consent and gave possession to the subtenant over landlord’s written opposition. The prior landlord’s consent to a subletting does not sanction subsequent subleases. (One University Place v. Egan, 6 Misc 2d 212; Fischer v. Ginzburg, 191 App. Div. 418; 1 Rasch on Landlord and Tenant, § 115.)
Where the right to sublet is given for the term of the lease, by no stretch of the imagination can a personal clause of this nature be intended to survive beyond a term of the lease for which it is intended. If the tenant desired to continue such right to sublet, she could have entered into another lease for an additional term or extended her then current lease for an additional term, with the right to sublet included therein. Having chosen to terminate the lease and remain as a statutory tenant, she may not be afforded the privilege at her discretion to project any special clause of the lease. The right to sublet cannot be classified as an essential service within the intent and purview of the emergency rent laws.
Hence, the court concludes that the right to sublet, limited by its terms to the life of the lease, expired when the lease ended, and was not projected into the statutory tenancy that followed. Consequently, a final order in favor of the landlord must issue.
*397 Final order for the landlord. The issuance of the warrant is stayed to September 15, 1957. Tenant is to pay for use and occupation the same amount heretofore paid as and for the legal maximum rent.