Frederick Backer, J.
This is an article 78 proceeding by the petitioning landlord wherein it seeks review and revocation of the respondent Administrator’s determination which denied petitioner’s application for an increase in the maximum rent required of the sublessee herein. The premises herein are apartment 6F, 444 East 52nd Street, Manhattan. The apartment involved was leased to one Mr. A. A. Coughlin pursuant to a written lease dated November 17, 1961, commencing December 1, 1961 and terminating November 30, 1963. The lease (Cl. 31) provided: “ The landlord hereby agrees to allow the tenant to sublet his apartment up to October 31, 1963, and not to unreasonably withhold the consent provided: a. Tenant gives at least 10 days prior notice of his intention; b. that such notice contain the name, business and social reference of the proposed sub-tenant, and, c. written approval is obtained from the landlord.”.
. It appears from the record herein that it was not until the early part of 1964 (some months after the date of November 30, 1963 when the lease expired) that the petitioner first discovered the tenant, Mr. Coughlin, no longer resided in the apartment, but, in fact, had removed to the State of New Jersey, and upon further investigation ascertained that the apartment was now occupied by a Mr. L. V. Howenstine. It further appears that petitioner received rent for the apartment directly from Mr. Coughlin, and was unable to determine what rental he was collecting from his sublessee, Mr. Howenstine. The record also establishes that the tenant, Mr. Coughlin, did not *578 comply with the notice provisions of the sublet clause of the lease, which required him to apprise the petitioner of a proposed subletting and to secure petitioner’s approval therefor. In view of the fact that the sublet took place after October 31, 1963, which was the date of the expiration of the lease and of the expiration of any permitted subletting, petitioner filed with the respondent, commission, for a 10% monthly rental increase pursuant to section 33.3 of the Bent, Eviction and Rehabilitation Regulations. This application was denied by the district rent office from which petitioner filed a protest to the respondent, Administrator. The protest was denied on the grounds that the right to sublet was projected into the statutory tenancy.
The query presented on this application, then, is whether or not the right to sublet was projected into the statutory tenancy? The answer to this is in the negative. The right to sublet an apartment is not within the purview of the protection afforded by the rent control laws, and, the sublet clause of a lease agreement is not projected into a statutory' tenancy. In Leventhal v. 128 West 30th St. Corp. (158 N. Y. S. 2d 398, 400-401) this issue was discussed. The court cited the case of Bisbano v. 40-42 Restaurant Corp. (280 App. Div. 790) as follows : “the lease contained a provision giving the tenant the right to assign the lease without the consent of the landlord and following the expiration of the lease, the tenant assigned its rights to another and put that party into possession without the consent of the landlord, who commenced summary proceedings alleging violation of a substantial obligation of tenancy. The court there held that the right to assign did not survive the expiration of the lease and that it was unnecessary to allow a statutory tenant the right to put a new party into possession under the assignment clause of the expired lease in order to effectuate the basic purposes of the Emergency Rent Control Laws, McK. Unconsol. Laws, § 8551 et seq., namely, the curbing of exorbitant rents and widespread evictions. * * *
“ The right to sublet is not essential in order to effectuate the basic purposes of the Emergency Rent Laws and to confer such a right to a statutory tenant would be in excess of the demands of the emergency declared and the remedies enacted by the Legislature. The Emergency Rent Laws extend the right of the plaintiff to remain in possession against the will of the landlord and do not permit him to deal with the premises as an owner while depriving the landlord of acts of ownership. I am of the opinion that the spirit of the Emergency Rent Laws *579 and of analogous and persuasive cases leads to the conclusion that the subletting provision of the lease is not projected.” (See, also, Fifth Ave. Realty Corp. v. Lynch, 10 Misc 2d 391, wherein the subject is ably discussed.)
In the case at bar, the lease expired on October 31, 1963, and the tenant’s right to sublet therefore expired on that date. The right to sublet is a permissive option. Rights conferred by permissive option regardless of the nature thereof are not projected into statutory tenancies (Bisbano v. 42-40 Restaurant Corp., supra [which involved a right to assign]; Miltonian Realty Corp. v. Markowitz, 184 Misc. 360 [which involved provision for a concession]; Rabinovitz v. Williamson, 194 Misc. 17, affd. 275 App. Div. 541 [which involved an option to purchase]; Park View Gardens v. Greene, 274 App. Div. 1062 [which involved an automatic renewal clause]) and, as in the instant case, the right to sublet. A statutory tenant has only those rights which the emergency rent laws specifically provide (Drinkhouse v. Parka Corp., 3 N Y 2d 82). These laws permit a statutory tenant to hold over “not because he has any property right or estate in the premises, but because the emergency laws forbid his eviction ” (Wasservogel v. Meyerowitz, 300 N. Y. 125, 132). They do not permit a tenant to commercialize with the premises as an owner while restricting the landlord’s right of ownership. The spirit and purpose of the rent laws require no such extension of rights which would have been unavailing were there no rent control. Accordingly, the occupancy of the apartment by the original tenant herein after the expiration date of his lease was not under any agreement, express or implied, but by virtue of the compulsion exerted on the landlord by the local emergency rent laws which allowed him to remain in possession (Whitmarsh v. Farnell, 298 N. Y. 336). The right to sublet is not essential in order to effectuate the basic purposes of the emergency rent laws and to confer such a right to a statutory tenant would be in excess of the demands of the emergency declared and the remedies enacted by the Legislature. The emergency rent laws extend the right of the tenant to remain in possession against the will of the landlord but do not permit him to deal with the premises as an owner while depriving the landlord of acts of ownership. The spirit of the emergency rent laws leads to the conclusion that the subletting provision of a lease is not projected into the statutory tenancy. (Leventhal v. 128 West 30th St. Corp., supra.) Respondent’s decision, therefore, in the ease at bar, by projecting the right to sublet into the statutory tenancy, constituted an illegal modification of the lease agreement. The *580 situation is the same whether it involves commercial or residential space. (Fifth Ave. Realty Corp. v. Lynch, supra, p. 395.)
For all of the aforesaid reasons, the application of petitioner is granted, and the respondent is directed to grant the appropriate rent increase as in such cases required pursuant to section 33.3 of the Rent, Eviction and Rehabilitation Regulations.
Settle order on one day’s notice on or before July 1, 1965.