Allbw Murray Myers, J.
This is a holdover proceeding in which the petitioner landlord seeks to recover possession of controlled residential premises pursuant to subdivision a of section 52 of .the Bent, Eviction and Behabilitation Begulations of the City Bent and Behabilitation Administration which authorizes a summary proceeding for the eviction of a tenant without a certificate where “ The tenant is violating a substantial obligation of his tenancy other than the obligation to surrender possession ”.
The facts, as I find them, are as follows: The tenant entered into a written lease on August 12, 1965 with the landlord for a term of two years which expired on August 31,1967. The lease contained the usual restrictive provisions limiting the use of the apartment to the tenant and her immediate family and prohibiting assignments or subletting without the prior written consent of the landlord.
Neither the tenant nor any member of her immediate family is now residing in the apartment. They live elsewhere; and without the landlord’s consent, oral, written, express or implied, the tenant has been subletting the apartment .to strangers for her own profit.
Prior to the institution of this proceeding the notices required under section 53 of the City Bent Begulations were duly served and filed.
The law is clear that:
“ A statutory tenant has only those rights which the Emergency Bent Laws specifically provide (cf. Drinkhouse v. Parka Corp., 3 N Y 2d 82). These laws permit a statutory tenant .to hold over ‘ not because he has any property right or estate in the premises, but because the emergency laws forbid his eviction ’ (Wasservogel v. Meyerowitz, 300 N. Y. 125, 132), but do not permit a tenant to commercialize with the premises as an owner while restricting the landlord’s right of ownership. • # *
“ Bestrictive covenants in leases have been projected into the statutory tenancy after the expiration of the lease. Thus, a *359 restriction in an expired lease against an assignment or subletting was projected into the statutory tenancy. (Glauberman v. University Place Apts., 188 Misc. 277, affd. 272 App. Div. 758, motion for leave to appeal dismissed 297 N. Y. 587); as was a restriction against subletting without the landlord’s consent (130 West 57 Corp. v. Hyman, 188 Misc. 92) ”. (Fifth Ave. Realty Corp. v. Lynch, 10 Misc 2d 391, 393.)
The proof indicates a violation of the express terms of the lease projected into the statutory tenancy not to sublet without the landlord’s written consent. It is a violation of a substantial obligation of the tenancy. (See Irweis Holding Corp. v. Glenn, 2 Misc 2d 804; Bisbano v. 42-20 Restaurant Corp., 280 App. Div. 790; Shelton Bldg. Corp. v. Baggert, 188 Misc. 709.)
The question remaining for decision is whether petitioner landlord must proceed under subdivision a of section 56 of the City Rent Regulations which requires a certificate from the city rent agency or whether he may proceed under subdivision a of section 52 which does not require a certificate.
Section 52 (subd. a) provides in pertinent part as follows: “ an action or proceeding to recover possession of any housing accommodation shall be maintainable * * * only upon one or more of the following grounds: a. The tenant is violating a substantial obligation of his tenancy other than the obligation to surrender possession of such housing accommodations ”.
Subdivision a of section 56 provides: “ A certificate shall be issued for the eviction of the tenant and subtenants where the landlord seeks in good faith to recover possession of housing accommodations for which the tenant’s lease or other rental agreement has expired or otherwise terminated, and at the time of termination the occupants of the housing accommodation are subtenants or other persons who occupied under a rental agreement with the tenant, and no part of the accommodations is used by the tenant as his dwelling.”
Since subdivision a of section 56 seems to cover the precise situation at bar, does it preclude the landlord from proceeding under subdivision a of section 52 which also covers the same situation but under its much broader provisions? It seems that the courts have never passed upon this question.
While subdivision a of section 56 covers the situation of an absentee tenant whether or not the tenant has violated a substantial obligation of his lease, subdivision a of section 52 covers an absentee tenant only if he has violated a substantial obligation of his lease. Thus in .the case at bar the landlord had the choice of proceeding under either section. Subdivision a of section 56 is not a bar to a proceeding under subdivision a of *360 section 52. As a matter of fact, without passing upon this question, the courts have in the past taken jurisdiction under similar circumstances without requiring the issuance of a certificate. (See Hunt v. Gilmore, 198 Misc. 50; Shelton Bldg. Corp. v. Baggett, 188 Misc. 709, supra; Fifth Ave. Realty Corp. v. Lynch, 10 Misc 2d 391, supra.) Where, as here, we have an absentee tenant, who resides elsewhere and who seeks to commercialize the landlord’s premises after the termination of her lease, there appears to be no logical reason why the landlord should require a certificate from the city rent agency. Accordingly, a final judgment in favor of the petitioner landlord must issue.
Final judgment for petitioner. The issuance of the warrant is stayed to November 30, 1968. Respondent is to pay for use and occupation the same amount heretofore paid as rent. The Clerk shall return the exhibits to the respective parties.