Robert W. Cacace, J.
Both parties, on an agreed statement of facts, submitted the issue to the court of whether or not Ronald Williams, is in fact, a tenant of apartment 4-B, 159 Saratoga Avenue, Yonkers, New York.
The "tenant” resided in the apartment, with his uncle, for many years. In fact, he has continuously resided with his uncle since he was six months of age. The uncle has died and subsequent thereto the landlord refused to accept rent from the respondent, alleging that he is a squatter, and commencing this proceeding to obtain possession of the premises.
A "squatter” is one who settles on the land of another without legal authority (Williams v Alt, 226 NY 283, 290). A tenant is entitled to grant permission to another person to live in his apartment thereby giving that other person a status of undertenant (Bisbano v 42-20 Rest. Corp., 280 App Div 790). As this was the situation here the status of the respondent Williams is above that of a mere squatter. This status requires more than a notice to quit by virtue of the emergency rent control laws, which resúlted in the promulgation of subdivision 4 of section 56 of the Housing Rent Regulations (9 NYCRR 2104.6 [d]) reading as follows: "No occupant of housing accommodations shall be evicted under this section where *229 the occupant is either the surviving spouse of the deceased tenant or some other member of the deceased tenant’s family who has been living with the tenant.”
The petitioner argues, based on the case of Cesbron v Reardon (73 Misc 2d 715), that the protection of the rent control law is limited to members of the deceased tenant’s immediate family. This court disagrees with that decision. The regulation speaks of occupancy by “some other members of the deceased tenant’s family” not “immediate family”. Family is defined at page 821, Webster’s Third New International Unabridged Dictionary, as a "household including not only the servants but also the head of the household and all persons in it related to him by blood or marriage”. Under this definition the respondent, undertenant, is clearly one of those entitled to the protection of the rent laws.
In view of the court’s decision the question of the legal effect of the rent administrator’s decision filed under Docket No. C75-102 becomes moot to this proceeding. This petition is dismissed.