■ ANNA BROOKS, Appellant, v KENTON ASSOCIATES, LTD., et al., Respondents.—Order and judgment (one paper) of the Supreme Court, New York County (Karla Moskowitz, J.), entered March 8, 1990, which, *inter alia,* granted the motion of defendants Kenton Associates, Ltd. and 246 Associates (collectively The Landlord) for summary judgment dismissing plaintiff's complaint (CPLR 3212), and which declared that plaintiff is not the lawful rent-controlled tenant of the subject premises, unanimously affirmed, without costs.

The parties to this action are The Landlord, the tenant Salomea Kleinberg and the subtenant Anna Brooks. Each seeks to obtain possession of the subject premises, a rent-controlled apartment. This litigation appears to have been prompted by the possibility, mentioned in the respective briefs, that the building may be converted to cooperative status. The record establishes that plaintiff owns a home in Hewlett, Long Island. In 1986, in an unrelated action involving her son captioned *205 E. 78th St. Assocs. v Brooks* (Civ Ct, NY County, L&T 70874/85), plaintiff testified that she had lived at that residence for 20 years.

Defendant Salomea Kleinberg first occupied the apartment with her husband Maurice Kleinberg pursuant to a lease commencing July 1, 1952, becoming a statutory tenant upon its expiration on June 30, 1954. Testimony given by her daughter, Dana Kelisky, indicates that Salomea Kleinberg has lived with Kelisky at her home in San Francisco, California, since 1986 and, at some point prior to 1986, at her apartment in Hallandale, Florida. A letter dated September 12, 1982, signed by Mrs. Kleinberg and directed to Jeffrey Brooks, plaintiff's son, states, "This is to confirm that I agree to let

you occupy my apartment as my guest provided that upon written request you agree to vacate the apartment within sixty (60) days. If this is agreeable to you, kindly sign the attached copy of this letter and return same to me at the above address." The letter is countersigned by Mr. Brooks and bears the return address of Dana Kelisky's home in California.

At a prior stage of this litigation, plaintiff alleged an oral assignment as the basis of her claim to the subject premises. She later produced a written assignment, dated April 1978, purportedly signed by Maurice Kleinberg. This document is regarded as a forgery by the other parties.

In dismissing plaintiff's declaratory judgment action, Supreme Court correctly decided that the right to assign or sublet the premises contained within the 1952 lease to the Kleinbergs is not projected into the statutory tenancy *(Bisbano v 42-20 Rest. Corp.,* 280 App Div 790; *Matter of Emtico Assocs. v Gabel,* 47 Misc 2d 577, *affd* 25 AD2d 718). As The Landlord points out, unauthorized occupancy is a ground for the eviction of a rent-controlled tenant (New York City Rent and Rehabilitation Law [Administrative Code of City of New York] § 26-408; New York City Rent and Eviction Regulations [9 NYCRR] § 2204.6). Therefore, in order to establish that she is the legal tenant, plaintiff must demonstrate that The Landlord has waived any objection to her occupancy and has thus given up the right to proceed against her. "A waiver is the voluntary abandonment or relinquishment of a known right" and must be proved *(Jefpaul Garage Corp. v Presbyterian Hosp.,* 61 NY2d 442, 446).

We agree with Supreme Court that plaintiff has raised no triable issue with regard to The Landlord's acquiescence in her tenancy. Her unsubstantiated allegation that The Landlord's predecessor in interest knew of her occupancy is insufficient to defeat the motion for summary judgment *(Zuckerman v City of New York,* 49 NY2d 557, 562). Neither is the acceptance of rent checks sufficient to establish a waiver of the right to contest plaintiff's occupancy *(Sullivan v Brevard Assocs.,* 66 NY2d 489, 495). Concur—Sullivan, J. P., Ross, Kassal, Smith and Rubin, JJ.