LARRY RATEL, Landlord, *v.* RICHARD TREMBLAY, Tenant.

County Court, Albany County, March 12, 1952.

*John F. Forner, Jr.,* for landlord.

*S. Robert Silverman* for tenant.

SCHENCK, J. The landlord, operator of premises known as the Sunset Trailer Park, has commenced proceedings to evict the tenant from a trailer lot which had been rented on a monthly basis and which had been occupied by the tenant for a period well in excess of one year prior to the commencement of these proceedings. It is conceded that the landlord has failed to

comply with the provisions of the Rent and Eviction Regulations of the Temporary State Housing Rent Commission, relative to service of notice of eviction upon the area office of the commission.

It is the contention of the landlord that trailer space is not within the purview of the pertinent provisions of the State Residential Rent Law as amended by chapter 443 of the Laws of 1951. The tenant appears specially to argue that the provisions of the rent control law and section 53 of the State Rent and Eviction Regulations promulgated pursuant thereto, relative to notice to the commission, must be complied with in proceedings involving trailer-space rental. The sole issue presently before this court is whether or not trailer space rented monthly and occupied for a substantial period of time, such as is involved here, falls within the law and regulations requiring notice to the commission. The matter apparently has never been passed upon in any reported court decision. It is therefore necessary to examine the language of the statute and to resort to the history of the legislation to determine the legislative intent that is involved.

In order that trailer accommodations be subject to the rent control law requirements, such accommodations must fall within the definition of " housing accommodation " as set forth in section 2 of the State Residential Rent Law (L. 1946, ch. 274, as amd. by L. 1951, ch. 443). This section defines " housing accommodation ", as follows " unless a different meaning clearly appears from the context ": " Any building or structure, permanent or temporary, or any part thereof, occupied or intended to be occupied by one or more individuals as a residence, home, sleeping place, boarding house, lodging house or hotel, together with the land and buildings appurtenant thereto, and all services, privileges, furnishings, furniture and facilities supplied in connection with the occupation thereof ".

Paragraph (c) of subdivision 2 of the aforesaid section, however, specifically excepts " any trailer, or trailer space used exclusively for transient occupancy or any part thereof ". We, accordingly, are confronted with a situation in which we have on one hand a primary definition of " housing accommodation " which does not specifically refer to trailer space and, on the other, a specific exception which excludes trailer space " *used exclusively for transient occupancy* ". (Italics supplied.) It is therefore incumbent upon the court to reconcile what at first glance might appear to be an ambiguity by examining the legislative intent in the enactment of the law.

It appears clearly that the State Residential Rent Law has been derived from the Federal Housing and Rent Act of 1947. (U. S. Code, tit. 50, Appendix, § 1881 *et seq.*) Under that original Federal law (§ 202, subd. [c], par. [2]; U. S. Code, tit. 50, Appendix, § 1892, subd. [c], par. [2]), the following exclusion from control was set forth: " Any motor court, or any part thereof; or any tourist home serving transient guests exclusively, or any part thereof ". This, as far as I can ascertain, was the nearest reference to trailer space in the original Federal law.

The Federal Housing and Rent Act was further amended by section 201 of Public Law 464, Eightieth Congress (62 U. S. Stat. 93–94) to make the following exclusion from rent controls, " any motor court, or any part thereof; any trailer or trailer space, or any part thereof; or any tourist home serving transient guests exclusively, or any part thereof.". Thereafter, subdivision (b) of section 201 of Public Law 31, Eighty-first Congress (63 U. S. Stat. 20) further amended the original law to provide for the following exclusions which have been incorporated verbatim into the existing State law now before the court: " any motor court, or any part thereof; any trailer, or trailer space, used exclusively for transient occupancy, or any part thereof; or any tourist home serving transient guests exclusively, or any part thereof ".

We can see from the foregoing that the question of trailer space was twice amended to arrive at the present law which specifically excludes from controls trailer space used exclusively for transient occupancy. If the Congress had intended to exclude *all* trailer space, it could have done so without going into the detail relative to transient occupancy that we now find in the law. The manner in which this developed through three acts of Congress, as outlined above, makes it clear that the Congress intended specifically to exclude from rent controls transient trailer space and only transient trailer space.

In view of the fact that the State Legislature saw fit to adopt the precise language of the Federal law in setting up controls in New York State we are necessarily brought to the conclusion that the Legislature intended to make the same exclusions as were adopted by Congress in the Federal law. Thus, it must be resolved that the Legislature intended to exclude only such trailer space as might be used exclusively for transient occupancy. The corollary of this is that trailer space rented on a more or less permanent basis, such as the space involved in this litigation, was not intended to be excluded, but rather is subject

to the requirements of the New York State Residential Rent Law and regulations thereunder. This conclusion can be reconciled with the above definition of " housing accommodation " when the preamble to the definition is taken into consideration. It therein appears that the definitions in chapter 443 of the Laws of 1951 govern " unless a different meaning clearly appears from the context ". Here the context of the paragraph covering exclusions relative to trailer space clearly indicates that only transient trailer space is excluded.

It is therefore my opinion that the landlord herein was under an obligation to comply with the provisions of the State law relative to notice to the Temporary State Housing Rent Commission. As there was failure to comply with these requirements the petition herein should be dismissed.

In view of the novelty of the question submitted, no costs are awarded. An order may accordingly be entered.