ARCHCLAIRE REALTY Co., INC., Landlord, Respondent, *v.* RUBY DE PRICE et al., Tenants, Appellants.

County Court, Westchester County, April 21, 1952.

*John A. Bodmer* for appellants.

*Milton A. Solomon* for respondent.

BRENNAN, J. This is an appeal by the tenants from a final order in a summary proceeding had in the City Court of New Rochelle, N. Y., awarding possession of certain premises to the landlord and also from that part of a subsequent order which denied the tenants' application to set aside the aforesaid final order.

From a reading of the opinion of the court below, dated December 28, 1951, and from a reading of the entire record on this appeal, it appears that at the trial the attorneys orally agreed before the court as to the facts (which were indeed simple) and also agreed that the sole question of law was whether the landlord was required to plead and prove that it had obtained a certificate of eviction from the New York State Temporary Housing Rent Commission authorizing it to bring this summary proceeding.

It appears that the demised premises in question consisted of vacant land upon which the tenants had erected a bungalow which remained the property of and could be removed by the tenants. Under these circumstances, the landlord contended that the demised premises did not constitute a "housing accommodation" as defined by the New York State Residential Rent Law (L. 1946, ch. 274, as amd.) with the result that no certificate of eviction was necessary. The Federal Rent Control Act (Emergency Price Control Act of 1942, U. S. Code, tit. 50, Appendix, § 901 *et seq.*) defined "housing accommodations" as "any building, structure, or part thereof, or land appurtenant thereto, or *any other real or personal property rented or offered for rent for living or dwelling purposes* (including houses, apartments, rooming or boarding house accommodations, *and other properties used for living or dwelling purposes*) together with all privileges, services". (Act, § 302, subd. [f]; U. S. Code, tit. 50, Appendix, § 942, subd. [f]; italics supplied.) This broad definition clearly justified the determination that the Federal Rent Control Act became applicable to vacant land after a dwelling had been erected thereon. (*Madison Park Corp.* v. *Bowles,* 140 F. 2d 316, 330.)

However, when the Legislature of this State enacted the State Residential Rent Law, it defined the term "Housing accom-

modation " but did not include in said definition the above-italicized matter contained in the Federal rent control definition of housing accommodations. In fact, our Legislature specifically stated that " It is the intention of this act to subject to control only those housing accommodations, as that term is defined herein ". (L. 1946, ch. 274, § 14, subd. 1, as amd. by L. 1950, ch. 250, and L. 1951, ch. 443.) Thus, it is this court's opinion that it was the clear intention of the Legislature of this State to eliminate from rent control such premises bearing the character of those which are the subject of this litigation.

In view of the foregoing, this court is of the opinion that the lower court properly determined that the demised premises were not subject to our rent control act.

Accordingly, the orders are affirmed. Orders of affirmance to be settled on notice.