Jacob Markowitz, J.
This application to review the respondent’s determination presents the question whether the rentals charged by the petitioner are subject to the control of the Temporary State Housing Rent Commission. Petitioner is the owner only of the land upon which the tenants’ houses [bungalows] have been erected. The houses themselves are owned by the tenants, who pay ground rents to petitioner.
It is clear that real estate, by itself, is not included in the “ housing accommodations ” which alone are subject to respondent’s control under the rent laws. Subdivision 2 of section 2 of the Emergency Housing Rent Control Law (L. 1946, ch. 274, as amd.) defines “Housing accommodations ” as “any building or structure * * * or any part thereof, occupied * * * asa residence, home * * * together with the land and building appurtenant thereto ’ ’. The Federal rent control statute, which preceded the enactment of subdivision 2 of section 2, contained a definition of “ Housing accommodations ” which *259 was considerably broader, including 1 ‘ any * * * real * * * property ® * * rented or offered for rent for living or dwelling purposes ”. (Rent Regulation for Housing, § 13, subd. [a], par. [6].) The failure of the State Legislature to incorporate the same definition in subdivision 2 of section 2 must be deemed to have been deliberate. Respondent urges that the purpose of the State statute was to continue under rent controls such accommodations “ as were under the antecedent federal rent control law ’ ’. This claim is not borne out, however, by the wording of subdivision 1 of section 14 of the Emergency Housing Rent Control Law, which reads:
“ It is the intention of this act to subject to control only those housing accommodations, as that term is defined herein, which were subject to rent control " * on March first, nineteen hundred fifty, pursuant to federal or local laws ’ ’ (italics supplied). It is only these “ housing accommodations ” which are included in the definition of that term in subdivision 2 of section 2 that are intended to be subject to State control — not all accommodations which were under Federal control previously.
Respondent maintains that the literal wording of subdivision 2 of section 2 should not be followed, citing Matter of Capone v. Weaver (6 N Y 2d 307) and Matter of Chatlos v. McGoldrick (302 N. Y. 380). In the Capone case (supra, p. 309) the literal wording of the statute was not followed because it would “ defeat the general purpose and manifest policy intended to be promoted ”. In the Chatios case (supra) the literal wording of the statute, by reason of a set of unusual circumstances (in the case before the court) would have resulted in the local rent being higher than the maximum Federal rent, whereas the purpose of the statute was to deal only with situations where, but for the statute, the Federal rent would exceed the local rent, and to prevent that the court, therefore, refused to give the statute a literal interpretation which would thwart its obvious purpose. If it were clear that the Legislature had intended the rent control laws to include within their coverage the rental of land alone, the literal wording of subdivision 2 of section 2 would have to yield to that intention. The fact is, however, that such intent, far from being clear, is negatived by the fact that the broader definition of the accommodations to be controlled, which was contained in the Federal act, was modified by eliminating the reference to unimproved real estate, and, in addition, subdivision 1 of section 14, expressing the legislative intent, limited the scope of the State law to ‘1 housing accommodations ” “as that term is defined ” in the State statute. In Matter of Hutchins v. McGoldrick (307 N. Y. 78), the Court of *260 Appeals declared that the wording of the Federal act was of no moment, because the State rent law was complete in itself and made no reference to the Federal act in respect of accommodations created by conversion. The court accordingly refused to look to the Federal act for indications of the intent of the State Legislature.
The only case which appears to have been decided on the question now before this court is Archclaire Realty Co. v. De Price (201 Misc. 722, Brennan, J.). The court there held that a rental of land upon which the tenant placed his own house was not a “ housing accommodation ” under the State rent laws and was, therefore, not subject to rent control.
Bespondent urges that its interpretation of the statute must be followed unless arbitrary or capricious. The case relied upon, Matter of Hotel Assn, of N. Y. City v. Weaver (3 N Y 2d 206) related, however, only to “ classifications ” which the statute gave the Administrator the power to embody in his order. Furthermore, even if the doctrine were applied to the commission’s interpretation of the statute, the court is of the opinion that the attempt to extend the rent laws to ground leases has no reasonable statutory basis and is, therefore, arbitrary.
The court is in agreement with the respondent that there appears to be no good reason for not including ground leases or rents within the rent control laws. However, that is a question for the Legislature, in its wisdom, to determine. The Legislature having failed, apparently deliberately, to extend the rent statutes to such ground rents, neither the respondent nor this court can do so. Motion granted.