In the Matter of FEDERATED HOMES, INC., et al., Appellants, v. FREDERIC S. BERMAN, as Department of Rent and Housing Maintenance Commissioner, Respondent, and HARDING PARK ASSOCIATION, Intervenor-Respondent.— Judgment affirmed, with $25 costs and disbursements to respondents, on the opinion of Hecht, J., at Special Term.    Concur — Stevens, J. P., Tilzer and McGivern, JJ.; Eager and Steuer, JJ., dissent in a dissenting memorandum by Steuer, J.    Steuer, J. (dissenting).    We agree with so much of the affirmance of Special Term's determination as finds that chapter 126 of the Laws of 1962 is constitutional.    As a consequence the lands of petitioner are subject to rent control unless exempt or excluded from control.    There is no claim that any parcel is exempt providing the act is constitutional, but petitioner does assert, and we believe with justification, that several of the parcels have been decontrolled.    It should be pointed out that the property involved consists of a tract of land subdivided into parcels which are rented to various tenants.    Each tenant has the privilege of erecting a one-family house on the plot, which house remains his property.    It must be apparent that houses of this character are, despite the privilege in the leases, for all practical purposes irremovable, and the plan was only a scheme, albeit an entirely legitimate one (Matter of Clason Mgt. Corp. v. State Rent Comm., 29 Misc 2d 258, affd. 14 A D 2d 765, affd. 10 N Y 2d 1022) to avoid the Emergency Rent Laws by putting the rental feature on the land rather than the housing.    The statute closed this gap.    The statute amends the Emergency Housing Rent Control Law (L. 1946, ch. 274) by inserting in the opening paragraph of subdivision 2 of that statute the words "and any plot or parcel of land which had been rented prior to May first, nineteen hundred fifty, for the purpose of permitting the tenant thereof to construct or place his own dwelling thereon, unless exempt or excluded from control pursuant to any other provision of this act".    The net effect is that land on which the tenant is allowed to construct his own dwelling is put on the same footing for rent control purposes as the housing accommodation erected on it.    Concededly had the rentals in question here been of the housing accommodations rather than the land, several of the parcels would have been decontrolled for vacancy after April 1, 1953 (Rent, Eviction and Rehabilitation Regulations of the City Rent and Rehabilitation Administration, § 2, subd. f, par. [12]).    The Administrator argues, however, and Special Term agreed:    "The Administrator finds that although a parcel of land is 'housing accommodations' under the definition contained in paragraph 2e of the Regulations, it is not 'housing accommodations in one or two family houses' within the meaning of Section 2f(12) of the Regulations."    This microscopic interpretation not only defies the rule that all parts of a statute should be read together but entirely ignores the statutory method by which the lands in question were brought under rent control.    Moreover, the supposed distinction is logically indefensible.    Granting that the land supporting an improvement is a "housing accommodation", by no perversion of language can it be conceived of as a "housing accommodation" of a character distinct and apart from the actual housing resting on it, to the end that regulations which would apply to the structure would not apply to the land.    And this is achieved not by express language but by a tortured interpretation.    It is significant that respondent Administrator is but a recent convert to the contention so ingenuously expressed, having allowed decontrol in seven parcels just prior to ruling on the instant applications.    The order should be modified to sustain the petition as to those parcels found to be decontrolled, with costs to the appellants.    [56 Misc 2d 160.]