■ In the Matter of CLASON MANAGEMENT Co., Appellant, v. BENJAMIN ALTMAN, as Commissioner of the Department of Rent and Maintenance of the City of New York, Respondent.— Order and judgment, Supreme Court, Bronx County, entered on January 13 and March 16, 1971, respectively, reversed on the law, without costs and without disbursements, the judgment vacated, the petition granted to the extent of annulling the determination of the Commissioner of the Department of Rent and Housing Maintenance of the City of New York, and remanding the matter to said Commissioner. In this article 78 proceeding, the petitioner-appellant seeks to set aside an order of the respondent that the owner of a house on rent-controlled leased land has the right to transfer the statutory tenancy of the land to a new owner of the house. The petitioner-appellant is the landlord of Lot No. 246 known as 1526 Harding Park in the Clason Point section of Bronx County on the easterly and northerly banks of the Bronx River. Prior to 1942, the general area involved was divided in lots and rented to lessees who built one-story private single-family residences. These ground leases were once held not to be subject to rent control. (See *Matter of Clason Mgt. Corp.* v. *Herman,* 29 Misc 2d 258, affd. 14 A D 2d 765, affd. without opn. 10 N Y 2d 1022.) However, the rent law was amended to provide for coverage. (See *Matter of Federated Homes* v. *Berman,* 56 Misc 2d 160, affd. 31 A D 2d 624, 625, affd. on the opn. at Special Term 24 N Y 2d 978.) The original written leases for the lots prohibited a tenant from selling or assigning rights to the balance of the term on the ground lease without obtaining the landlord's consent in writing. The last written lease for the specific parcel was executed December 31, 1947 for a period of three years and contained this covenant. When the recent tenant of the lot in question, Thomas F. Haughey, purchased the bungalow, he obtained the landlord's oral consent for a month-to-month tenancy of the land at a rental of $25 a month. It is not shown that Haughey knew of the original lease provisions. In the summer of 1969, Haughey sold the bungalow and assigned, to the extent he could, his lease on the ground, but the landlord would not consent to a lease with the new purchaser. The rent commission determined that the new owner of the house was a statutory tenant of the landlord; and in this article 78 proceeding, the finding was confirmed in the Supreme Court and the landlord's petition dismissed. The tenant had no right to assign or sublet the tenancy in the leased land. (3 Warren's Weed, New York Real Property [4th ed.], Leases and Lettings, § 18.04; see *Bisbano* v. *42-20 Rest. Corp.,* 280 App. Div. 790, app. dsmd. 304 N. Y. 780.) This is not an insignificant "departure from the obligation of the tenancy". (Cf. *Matter of Park East Land Corp.* v. *Finkelstein,* 299 N. Y. 70, 76.) Accordingly, the landlord cannot be compelled to recognize the new tenant not of his own choosing. Concur — Stevens, P. J., Markewich, Nunez and Kupferman, JJ.; Murphy, J., dissents in

the following memorandum: This proceeding cannot be determined by application of classic landlord-tenant law. I do not quarrel with the general proposition that a lease provision prohibiting assignment without the landlord's consent is enforceable; or that such restriction is, in most instances, projected into the statutory tenancy. However, these general principles do not apply where they are plainly inconsistent with the protection intended by the emergency rent laws (*Glauberman* v. *University Place Apts.*, 188 Misc. 277, affd. 272 App. Div. 758), since "mechanical application of common-law rules will not promote reasonable decision in cases controlled by emergency rent legislation" (*Matter of Park East Land Corp.* v. *Finkelstein*, 299 N. Y. 70, 75). The parcels of land here involved have been the subject of considerable litigation and special legislative treatment. Briefly stated, these parcels were originally covered by Federal rent control. When Federal controls terminated and State controls were enacted, they were determined to have been excluded from coverage. (*Matter of Clason Mgt. Corp.* v. *Herman*, 29 Misc 2d 258, affd. 14 A D 2d 765, affd. 10 N Y 2d 1022.) The Legislature thereupon amended the State law so as to include these ground leases in the definition of a "housing accommodation". (See L. 1962, ch. 126.) And they are still covered under the current City Rent Control Law. (See Administrative Code, § Y51-3.0.) The landowner's attack on the validity and application of the city's law, insofar as it relates to these parcels, was rejected. (See *Matter of Federated Homes* v. *Berman*, 56 Misc 2d 160, affd. 31 A D 2d 624, affd. 24 N Y 2d 978.) In *Matter of Federated Homes* v. *Berman*, (*supra*), Special Term clearly distinguished between tenants of ordinary one- and two-family homes and those (such as Mr. Haughey) who had made substantial investments in their homes on leased land. Accordingly, he concluded that such homeowners were entitled to special protection in order to safeguard their investment. If Mr. Haughey and others similarly situated are not permitted to freely transfer the statutory tenancy in connection with a sale of their homes, the very protection which the Legislature and earlier court decisions gave them would disappear. It further appears that when the house was purchased in 1964 the landlord raised no objection to the transfer of title to the house and, in fact, orally agreed to the new owner, Mr. Haughey, and accepted the rent as tendered. There is no showing whatsoever in this record that Haughey was shown a copy of the 23-year-old lease or that the landlord disclosed to him the existence or terms of the lease which allegedly restrict the transfer of his house. This seems in keeping with the landlord's history of encouraging the building of the homes initially, and, more recently, silently observing the many substantial improvements in the homes and, until now, allowing without restriction, new owners. In light of the foregoing, the determination of the Rent Commissioner was entirely consistent with the intent of the emergency rent legislation. Since there was a rational basis for the commission's conclusions, Special Term properly dismissed the petition; and the judgment appealed from should be affirmed.