PARK OF EDGEWATER, INC., Appellant, v DANIEL W. JOY, as Commissioner of the Housing Preservation and Development Administration, Office of Rent and Housing Maintenance, Division of Rent Control, Respondent.

First Department, May 15, 1979

**APPEARANCES OF COUNSEL**

*Edward J. Freeman* of counsel *(Robert G. O'Donnell* with him on the brief; *Kent, Hazzard, Jaeger, Freeman, Greer & Wilson,* attorneys), for appellant.

*Alan W. Ginsberg* of counsel *(Harry Michelson,* attorney), for respondent.

## OPINION OF THE COURT

LUPIANO, J.

Petitioner, a domestic corporation, is fee owner of certain real property at Edgewater Park, Bronx County. The real property parcel, which is the subject of this proceeding, was vacant land at the time of its original renting prior to May 1, 1950. The original tenant was permitted to and did, in fact, construct his own one-family building upon this parcel, which he thereafter occupied. On or about August 5, 1975, the original tenant transferred the ownership of the building to his son for the nominal consideration of $1. Title to the land, of course, remained in petitioner. On or about the same date, petitioner filed a report of decontrol for this parcel, contending that the property was within the vacancy decontrol provisions of section 2 (subd f, par [17]) of the New York City Rent and Eviction Regulations. The respondent Commissioner of the City of New York Housing Preservation and Development Administration, Office of Rent and Housing Maintenance, Rent Control Division in a determination held that the property was not within the said vacancy decontrol provision. This administrative determination was sustained upon review by Special Term in the article 78 proceeding subsequently commenced by petitioner to annul that determination.

We would reverse.

*Matter of Clason Mgt. Corp. v Temporary State Housing Rent Comm.* (29 Misc 2d 258, 260, affd 14 AD2d 765, affd 10 NY2d 1022) held that the failure of the State Legislature to incorporate real estate, by itself, in the definition of "housing accommodations" must be deemed deliberate and that the attempt to extend the rent laws to ground leases without a statutory basis could not be countenanced—the question being one "for the Legislature, in its wisdom, to determine". In direct response to *Clason Mgt. (supra)* and since 1962, it is now expressly provided by statute and regulation that ground leases are included within the term "housing accommodations" (L 1962, ch 126; Administrative Code of City of New York, § Y51-3.0, subd e, par 1; New York City Rent and Eviction Regulations, § 2, subd e).

In 1971, the vacancy decontrol statute was promulgated which decontrols housing accommodations which became va-

cant on or after June 30, 1971 (L 1971, ch 371, §§ 3, 6, 9). Note is taken of a change in the test by the deletion of limiting language which would have limited decontrol to "housing accommodations in one or two family houses." The phrase "in one or two family houses" was deleted by strikeout (L 1971, ch 371, § 3). The New York City Rent and Eviction Regulations incorporated these decontrol provisions and thus decontrolled "housing accommodations which become vacant on or after June 30, 1971" (New York City Rent and Eviction Regulations, § 2, subd f, par [17]).

In the light of the historical circumstances and the legislative history leading to the *incorporation* of land upon which tenants have constructed private dwellings within the term "housing accommodation," the failure of the State Legislature to limit the term "housing accommodation" regarding vacancy decontrol must be deemed to have been deliberate. In law and in effect we are confronted with the same situation as that faced by Special Term in *Matter of Clason Mgt. Corp. (supra)*. If it were clear that the Legislature had intended the vacancy decontrol law to not include within its coverage the rental of land alone, the literal wording of the decontrol law would have to yield to that intention. The fact is, however, that such intent, far from being clear, is negated by the fact that while the Legislature specifically amended the Emergency Housing Rent Control Law to include ground rents within the term "housing accommodations," it did not restrict that term in enacting the vacancy decontrol law so as to remove ground rents from the ambit of vacancy decontrol.

Further support for this premise may be gleaned from *Matter of Federated Homes v Berman* (56 Misc 2d 160, affd 31 AD2d 624, affd 24 NY2d 978) which involved section Y51-3.0 (subd e, par 2, cl [i]) of the New York City rent control law. That statute provided for exemption from rent control of "housing accommodations *in one- or two-family houses.*" Obviously, by thus limiting the perimeters of decontrol, a rational basis in the statute was found to hold the land under the houses, generating ground rents, to be the "housing accommodation" still subject to control. In the instant matter, not only is the statutory term "housing accommodations" not otherwise limited, but language aimed at limiting the term to one- or two-family houses was deleted.

The attempt to remove ground rents from the ambit of vacancy decontrol has no reasonable statutory basis, and the

question is clearly one for the Legislature to determine. The Legislature having failed to limit vacancy decontrol so that it does not apply to ground rents, neither this court nor the respondent commissioner may do so (see *Anderson v Wilson,* 289 US 20, 27; McKinney's Cons Laws of NY, Book 1, Statutes, § 75, subd b; § 76; *Matter of Daniman v Board of Educ.,* 306 NY 532). The legislative definition is clear on its face and in the absence of ambiguity the interpretation or construction of the statute by the enforcing agency is entitled to no weight (see *Iselin v United States,* 270 US 245, 250-251; *McGoldrick v Family Fin. Corp.,* 287 NY 535, 539; McKinney's Cons Laws of NY, Book 1, Statutes, § 129, subd b).

Succinctly stated, we must take the statute as we find it, and to the extent we endeavor to supply what we view as an omission, we transcend the judicial function.

Accordingly, the judgment of the Supreme Court, New York County (SHAINSWIT, J.), entered October 16, 1978, should be reversed, on the law, the petition granted and the order of the respondent commissioner annulled, and a determination made that section 2 (subd f, par [17]) of the New York City Rent and Eviction Regulations applies to petitioner's property, without costs or disbursements.

SILVERMAN, J. (dissenting). We would affirm the judgment appealed from and dismiss the petition.

The petition in this article 78 proceeding sought in essence to annul a determination of respondent Commissioner of the Office of Rent and Housing Maintenance determining that the subject property has not been decontrolled under the vacancy decontrol statute (L 1971, ch 371, §§ 6, 9) and the corresponding section of the New York City Rent and Eviction Regulations (§ 2, subd f, par [17]). Petitioner landlord is the owner of land which prior to 1950 was rented to tenants as vacant land with the right in the tenants to construct their own one-family house on the parcel rented to them, such one-family house being the property of tenants. The tenants did construct such a house. On August 5, 1975, the original tenants transferred title to the house to their son for a consideration of $1. Title to the land of course remained with petitioner landlord. It is the contention of petitioner landlord that by reason of this transfer, the housing accommodation "became vacant" within the meaning of the vacancy decontrol statutes.

By express provision of the statute and regulations, the land

in these circumstances constituted "housing accommodations" within the meaning of the rent control laws and regulations. (L 1962, ch 126; Administrative Code of City of New York, § Y51-3.0, subd e, par 1; New York City Rent and Eviction Regulations, § 2, subd e.)

The more difficult question is whether the transfer in this case meant that the housing accommodation "became vacant" within the meaning of the vacancy decontrol statute and regulations.

It is apparent that when the vacancy decontrol statute and regulations were adopted, neither the Legislature nor the drafters of the regulations focused on this unusual situation where the "housing accommodation" constituted only the land and the house itself belonged to the tenant. In these circumstances, we think we should adopt the interpretation that the administrative agency has taken, under the rule "that the construction given statutes and regulations by the agency responsible for their administration, if not irrational or unreasonable, should be upheld." *(Matter of Howard v Wyman,* 28 NY2d 434, 438.) We note that in a somewhat similar though distinguishable situation, the courts have previously come to the same conclusion. *(Matter of Federated Homes v Berman,* 24 NY2d 978, affg 31 AD2d 624, on the opn at Special Term 56 Misc 2d 160.)

SANDLER, J. P., and SULLIVAN, J., concur with LUPIANO, J.; SILVERMAN and ROSS, JJ., dissent in an opinion by SILVERMAN, J.

Judgment, Supreme Court, New York County, entered on October 16, 1978, reversed, on the law, without costs and without disbursements, the petition granted and the order of the respondent commissioner, dated May 16, 1978, annulled, and a determination made that section 2 (subd f, par [17]) of the New York City Rent and Eviction Regulations applies to petitioner's property.