OPINION OF THE COURT
Louis Grossman, J.
Motions numbered 119 and 120 on the calender of November 20, 1981 are consolidated herewith for disposition. Motion No. 119 is a motion for a trial preference, Motion No. 120 is a motion by plaintiff for summary judgment and a cross motion by defendant for the same relief in this declaratory judgment action.
The parties agree that there is no dispute as to facts of the situation. Plaintiff is. the owner of a mobile home park in Rockland County. Plaintiff rents real property to tenants who park their mobile homes on the leasehold. Plaintiff provides electric, water, sewer hookups, etc., to the tenants who own their mobile homes. On September 17, 1981, the Town of Stony Point in Rockland County adopted the Emergency Tenant Protection Act of 1974 (L 1974, ch 576, § 4; ETPA) for mobile home parks in the town. Plaintiff thereafter commenced this action for a declaratory judgment that the ETPA does not apply to mobile home parks, and for a permanent injunction against defendant from enforcing it in Stony Point, New York.
The ETPA provides for the regulation of housing accommodations in certain counties where communities therein have adopted it. It is analogous to rent control. The ETPA *1086 covers all housing accommodations except those specifically excluded in section 5 of the ETPA. It is agreed that there is no specific exception for a facility such as plaintiff’s.
Defendant contends that if the Legislature had intended to exclude mobile homes parks (as distinguished from transient trailer parks) from the provisions of ETPA, it would have added it to the list of such exemptions. Defendant cites the case of Ratel v Tremblay (201 Misc 423) in support of its position. That case had facts quite similar to the instant case, the only real difference being the statute was applicable only in Albany County, but the language of the statute was the same.
However, a subsequent case, Matter of Clason Mgt. Corp. v Temporary State Housing Rent Comm. (29 Misc 2d 258, affd 14 AD2d 765, affd 10 NY2d 1022) has clarified the issue, and in the court’s mind laid the matter to rest. Viewed simplistically, this case held that leases of real property are not housing accommodations as defined in ETPA or similar predecessor State laws.
Matter of Federated Homes v Berman (56 Misc 2d 160, affd 31 AD2d 624, affd 24 NY2d 978) not only sheds light on the legislative intent, but tracks the legislative and judicial history of the language of ETPA as it defines housing accommodations.
This court is constrained to follow the holding of the Court of Appeals with respect to the issue herein. Despite the urgings of defendant supported by an informal “opinion letter” from the office of the Attorney-General, it is quite clear to this court that the ETPA is not applicable to or enforceable against the plaintiff. Defendant asserts that the Clason case must be limited to its own unique set of facts. However, the argument promoted by defendant has the net effect of defeating the thesis. The statute did not encompass a Clason type of leasehold and the courts pointed that out. The Legislature amended the statute to include such a leasehold. The ETPA applies to all housing accommodations unless specifically exempted. Clason held that the lease of land only was not a housing accommodation. The Legislature corrected their oversight and made *1087 the statute apply to bungalows owned by the tenants on land rented from the fee owner. It follows then that land-only leases are still not housing accommodations in the eyes of the highest court of this State. The fact that transient trailer parks are exempted specifically does not imply that a mobile home park is included; not until the statute is amended or the Court of Appeals narrows its holding in.the Clason case.
Accordingly, the plaintiff’s motion for summary judgment is granted, and defendant’s cross motion is denied. Plaintiff’s motion for a trial preference is denied as academic.