OPINION OF THE COURT
Helen E. Freedman, J.
In this holdover proceeding petitioners seek possession of a second floor loft premises. The subject building contains six apartments registered with the Rent Stabilization Association (RSA), in addition to two floors which are commercial. Respondent resides on the second floor pursuant to a standard form of loft lease.
Petitioner contends that respondent’s residential use is unauthorized. There was substantial uncontradicted testimony by the former landlord that respondent’s tenancy had been residential from its inception in November, 1978. The predecessor landlord was fully aware of it, and in fact, assisted respondent in some aspects of the conversion. This testimony was corroborated by two additional witnesses, a cotenant and a friend.
Petitioners are bound by the acts of their predecessor regarding recognition of respondent as a residential tenant. (Gordon & Gordon v Madavin, Ltd., 108 Misc 2d 349.) I find that respondent is a residential tenant and that his space is used solely for residential purposes.
Respondent raises two arguments in opposition to the petition. First, since the premises are residential, respon *761 dent claims that the commercial certificate of occupancy for that space is inaccurate, thus precluding petitioners from maintaining this proceeding. (Multiple Dwelling Law, §§ 301, 302.) Second, respondent alleges that the second floor space is subject to the Emergency Tenant Protection Act of 1974 (L 1974, ch 576, § 4 [ETPA]) and that, therefore, he is entitled to a renewal lease.
The language of section 302 (subd 1, par b) of the Multiple Dwelling Law refers only to actions or special proceedings relating to the nonpayment of rent. Since the proceeding at bar is a holdover, I will not dismiss the petition on this ground.
I will turn now to the issue of whether respondent’s unit is covered by the ETPA of 1974. The question is whether a single unit, in a building otherwise protected by the act, is exempt from coverage by virtue of the fact that the particular unit was not rehabilitated as a residential unit until after the cutoff date, January 1,1974. The relevant section is section 5 (subd a, par [5]) of the ETPA which exempts “housing accommodations in buildings completed or buildings substantially rehabilitated as family units on or after” January 1, 1974. Here there is no question that the building was completed prior to that date, and indeed the six apartments are properly registered with the RSA. Is respondent’s loft, which became residential in November, 1978, covered by the ETPA? I find that it is. Section 5 (subd a, par [5]) refers to rehabilitation of the building as a whole, not individual units.
The fact that respondent’s unit was substantially rehabilitated into a family or residential unit after January 1, 1974, does not exempt it from the act. (4 On Park Assn, v Jaffe, NYLJ, Dec. 2, 1980, p 10, col 6; see Goodman v Ramirez, 100 Misc 2d 881.)
I therefore find that respondent is entitled to a renewal lease pursuant to the rules and regulations of the RSA. Moreover, petitioners are directed to obtain a certificate of occupancy to conform to the actual use of the premises. Respondent shall give petitioners reasonable access to the *762 subject premises in order that said certificate of occupancy be obtained.