OPINION OF THE COURT
George M. Heymann, J.
Petitioner commenced this holdover proceeding alleging that the respondent does not, and never did, occupy the premises located at 29 Glenz Estates, Bronx, New York, as his primary residence.
The respondent has moved this court for an order dismissing the instant matter on the grounds that the petitioner does not own the house at 29 Glenz Estates, only the land upon which it is situated, and that the petition is defective in that it fails to allege that said house is a multiple dwelling.
The petitioner has cross-moved for summary judgment.
Factual Background
The subject premises in this proceeding is one of a unique class of housing in the City of New York wherein the dwelling unit is owned by one party and the land upon which said structure is constructed is owned by someone else.
The petitioner is the owner of land situated in Bronx County known as Glenz Estates. According to counsel for the respon *310 dent, 29 Glenz Estates is one of "8 individual homes [upon such land] which are occupied by families living independently of each other. ” (Affirmation in support of respondent’s motion [emphasis added].)
On May 1, 1992 in an order determining facts or establishing legal regulated rent, the Division of Housing and Community Renewal (DHCR) made a determination which states in relevant part that "the total land area known as 9 Glenz Estate is subject to the Rent and Eviction Regulations and/or the Rent Stabilization Code, depending upon each individual home owner’s initial date of occupancy, those that took occupancy of their homes prior to June 30, 1971 are hereby considered Rent Controlled and those that took initial occupancy of their homes after June 30, 1971 are hereby considered Rent Stabilized”. DHCR further determined that the then tenant residing at 29 Glenz Estates was considered rent stabilized due to her initial occupancy of the premises after June 30, 1971 and established the legal regulated rent, to be paid to the owner of the land, at $50 per month, effective April 1, 1987.
As a basis for seeking dismissal of this proceeding, the respondent relies on a prior decision, involving the same parties herein, in which the court granted respondent’s motion to dismiss due to the petitioner’s failure to properly describe the rent regulatory status of the premises (i.e., rent stabilized), in the petition. (See, Civ Ct, Bronx County, Sept. 1, 1995, Fiorella, J., L&T No. 36005/95.) That decision, however, is not dispositive of the case at bar.
Issue
The issue here, which appears to be one of first impression, is whether the individually owned one- and two-family houses that comprise Glenz Estates, and are protected by rent control or rent stabilization, are deemed to be multiple dwellings and must be registered as such.
Conclusions of Law I — Motion to Dismiss
It is the respondent’s contention that the premises are, in fact, a multiple dwelling and that the statement in paragraph No. 11 of the petition that "[t]he premises are not a multiple dwelling” renders the entire proceeding fatally defective.
Upon review of the applicable statutes and cases cited by respondent’s counsel, this court is of the opinion that the premises in question is not a multiple dwelling.
*311 Multiple Dwelling Law § 4 (7) defines a "multiple dwelling” as "a dwelling which is either rented, leased, let or hired out, to be occupied, or is occupied as the residence or home of three or more families living independently of each other * * * For the purposes of this chapter 'multiple dwellings’ are divided into two classes: 'class A’ and 'class B.’ ”
"A 'class A’ multiple dwelling is a multiple dwelling which is occupied, as a rule, for permanent residence purposes. This class shall include * * * maisonette apartments, apartment houses * * * garden-type maisonette dwelling projects, and all other multiple dwellings except class B multiple dwellings.” (Multiple Dwelling Law § 4 [8] [a].)
In addition to a building or structure occupied by one or more individuals as a residence, home, dwelling unit or apartment, the Rent Stabilization Code (9 NYCRR parts 2520-2530 [RSC]) incorporates in its definition of "housing accommodation” "any plot or parcel of land which had been regulated pursuant to the City * * * Rent Law prior to July 1, 1971, and which became subject to the RSL after June 30, 1974.” (9 NYCRR 2520.6 [a].) The rationale for the inclusion of the "land” in the statute was set forth in Matter of Federated Homes v Berman (56 Misc 2d 160, 167, affd 31 AD2d 624, affd 24 NY2d 978) as follows: "If rents of the underlying land were decontrolled, the landlord would be free to exact 'unjust, unreasonable and oppressive rents’ which might force the tenant to sacrifice a substantial portion of his investment in order to effectuate a sale. This loss might not be averted by the tenant’s ability to remove the bungalow. The City Council might reasonably have concluded that keeping this type of one- or two-family houses subject to control was necessary in order to 'forestall profiteering, speculation and other disruptive practices tending to produce threats to the public health’.” (See also, Matter of Silver Beach Realty Corp. v Berman, 31 AD2d 625, affd 24 NY2d 978.)
Although the appellate courts have upheld this anomalous situation (created by the State Legislature and adopted by the City Council under Local Laws, 1962, No. 20 of City of New York) of allowing rent control or rent stabilization for certain parcels of land upon which a house is built but not for the house itself, the court has been unable to locate any decisions or DHCR determinations with respect to whether these types of dwellings constitute a multiple dwelling.
As stated in the affirmation of respondent’s counsel, the eight dwellings that comprise Glenz Estates are individually owned; each occupied by families living independently of each other. *312 The respondent has not provided any evidence to demonstrate how his.particular dwelling fits within the definition of multiple dwelling as cited above, i.e., that three or more families living independently of one another reside at 29 Glenz Estates; or that the eight houses share common utilities such as gas, electricity, water, etc., creating a garden-type maisonette dwelling or horizontal multiple dwelling. (See, Multiple Dwelling Law § 4 [8] [b]; ESC [9 NYCRR] § 2520.11 [d].)
Counsel’s bold assertion that this premises is a multiple dwelling because rent stabilization protection only applies to residential buildings with six or more units and the DHCR has determined that 29 Glenz Estates is rent stabilized, and that the eight units on Glenz Estates create a horizontal multiple dwelling, is without any basis in fact. As previously stated, there has been no evidence proving any commonality between any of these individual units. Moreover, as opined in the dissenting opinion in Silver Beach Realty Corp. v Berman (31 AD2d 625, supra): "It should be pointed out that the property involved consists of a tract of land subdivided into parcels which are rented to various tenants. Each tenant has the privilege of erecting a one-family house on the plot, which house remains his property. It must be apparent that houses of this character are, despite the privilege in the leases, for all practicable purposes irremovable, and the plan was only a scheme, albeit an entirely legitimate one * * * to avoid the Emergency Rent Laws by putting the rental feature on the land rather than the housing.” (Emphasis added; citation omitted.)
Thus, in designing this scheme, the Legislature created a legal fiction in order to obtain a desired result. The Legislature did not, however, concomitantly amend the applicable sections of the Multiple Dwelling Law to include these types of dwellings in the definition of "multiple dwelling”.
Since the premises in question have not been shown to comprise a multiple dwelling, it was not necessary to register said premises with the DHCR pursuant to Multiple Dwelling Law § 325; nor was the petitioner precluded from commencing this proceeding under limitations set forth in Multiple Dwelling Law §§ 301 and 302 (1) (b). In any event, it has been held that these provisions of the Multiple Dwelling Law are inapplicable to holdover summary proceedings. (See, Cohen v Clark, NYLJ, Jan. 26, 1944, at 24, col 3; Lee v Gasoi, 113 Misc 2d 760, affd 126 Misc 2d 719, affd 119 AD2d 1016.)
With respect to the allegation that the petitioner cannot maintain this proceeding because he stated that he was the *313 landlord of the "premises” known as 29 Glenz Estates, when, in fact, he only owns the land and not the structure on it, the court rejects this argument as well. It is clear that the parties maintain a landlord-tenant relationship vis-á-vis the land upon which the respondent’s home is situated. The definition of "premises” includes the land along with the buildings on it. While it would have been better draftsmanship for the petitioner to delineate its ownership of the land only, the failure to do so does not warrant dismissal. Further, the respondent has not averted how this inartful language in the petition has, in any way, prejudiced him in defending against this proceeding.
II — Cross Motion for Summary Judgment
Regarding the petitioner’s cross motion for summary judgment, the court finds that factual issues exist that can only be resolved at trial.
In order for the respondent to derive the benefits of rent stabilization he must reside in the subject premises (housing accommodation) as his primary residence. (See, RSC [9 NYCRR] § 2524.4 [c].) Although there appears to be no dispute that the respondent purchased this premises from the estate of the prior owner, Anne Burke, the petitioner’s broad statements, without supporting proof in its moving papers that the respondent does not, in fact, reside there, is insufficient to obtain the relief sought without a factual finding by the court on that issue.
Decision
For the reasons set forth above, the respondent’s motion to dismiss the instant proceeding is denied and the petitioner’s cross motion for summary judgment is denied.