OPINION OF THE COURT
Per Curiam.
Order dated December 2, 1996 affirmed, without costs.
*739 We agree, essentially for the reasons stated in the decision of Judge George M. Heymann at the Civil Court (171 Misc 2d 98), that the intrafamily transfer of the dwelling unit here involved did not serve to remove the property from the ambit of rent stabilization (see, Rent Stabilization Code [9 NYCRR] § 2520.6 [a]; see also, Matter of Federated Homes v Berman, 56 Misc 2d 160, affd 31 AD2d 624, affd 24 NY2d 978). Petitioner does not dispute that the property would have remained rent stabilized had the current tenant (Kowalsky) directly purchased the dwelling unit situated thereon from the prior rent-stabilized tenant. The fact that Kowalsky’s purchase of the dwelling unit was accomplished indirectly for economic reasons — with Kowalsky’s father-in-law, respondent Sherlock, nominally taking title to the dwelling unit and transferring it to Kowalsky without ever residing at the premises — does not affect the bona tides of Kowalsky’s tenancy or serve to remove the property from the protective mantle of rent stabilization. As Civil Court properly recognized, a contrary holding would needlessly exalt “form over substance and [would] not comport with the legislative objectives of maintaining these particular houses within the framework of rent stabilization” (200-218 Soundview Realty Corp. v Sherlock, 171 Misc 2d 98, 104).
Parness, P. J., and Freedman, J., concur.