OPINION OF THE COURT
Pam B. Jackman-Brown, J.
The respondent’s attorney orally moved on February 7, 2002, *622 on the eve of trial of this holdover proceeding, to dismiss the petition on the ground that the lack of a certificate of occupancy for the subject apartment precludes the petitioner from maintaining this proceeding. Two cases were submitted by the respondent’s attorney in support of the oral motion. The matter was adjourned on consent of both sides to February 19, 2002 for petitioner to submit authority in opposition to the motion. The attorneys for the parties did not submit any case law or make any further arguments on February 19th. Instead, they requested that the court rule on the motion based upon the arguments made on February 7th.
Upon oral argument of the motion and the case law submitted on February 7, 2002, the motion is denied. This matter is set down for trial on March 14, 2002 at 9:30 a.m. in Part P, room 201, of this courthouse.
The petition alleges that the subject building is a multiple dwelling and that there is a current effective registration statement on file. A multiple dwelling registration number is recited and the name and address of the registered managing agent are provided. The respondent’s attorney does not dispute that there is a certificate of occupancy for four apartments. However, the respondent’s apartment is the basement apartment for which there is no certificate of occupancy.
The respondent argues that the existence of a basement apartment without a certificate of occupancy in an otherwise legal multiple dwelling is in violation of the Multiple Dwelling Law and renders the multiple dwelling registration invalid under Multiple Dwelling Law § 325. Therefore, the petition does not satisfy the pleading requirements of 22 NYCRR 208.42 and must be dismissed.
A holdover proceeding is not barred by the Multiple Dwelling Law based on the landlord’s failure to obtain a certificate of occupancy for the premises (Lee v Gasoi, 113 Misc 2d 760, affd 126 Misc 2d 719, affd 119 AD2d 1016 [1st Dept 1986]). Where the premises has a certificate of occupancy for three or more apartments and is therefore already a multiple dwelling, the creation of additional, albeit illegal, space does not invalidate the existing certificate of occupancy under Multiple Dwelling Law §§ 301 and 302 so as to render occupancy of the other units unlawful (see, Goldman v. Bishins, NYLJ, Jan. 8, 1992, at 21, col 2 [App Term, 1st Dept]). Violation of the Multiple Dwelling Law only bars the landlord from collecting rent, not recovering possession. (Multiple Dwelling Law § 302 [1] [b]; *623 § 325 [2]; Jordan Mfg. Corp. v Zimmerman, 169 AD2d 815 [2d Dept 1991].)
It is only in the situation where the addition of an illegal apartment creates a “de facto” multiple dwelling (one which in fact contains three or more dwelling units, but has a certificate of occupancy only as a one- or two-family dwelling) that the remedy of a holdover under Real Property Actions and Proceedings Law § 711 becomes unavailable. This is not because the Multiple Dwelling Law bars a proceeding in this situation, but because the petition fails to allege multiple dwelling registration as required pursuant to 22 NYCRR 208.42 (g) and, thus, fails to state a cause of action. (See, e.g., Santos v Aquasvivas, NYLJ, July 10, 1997, at 32, col 5 [App Term, 2d Dept].) This section covers both holdovers and nonpayments because it refers to “every summary proceeding brought to recover possession of real property pursuant to section 711” and does not contain the limiting language found in Multiple Dwelling Law § 302 (1) (b), “for nonpayment * * * of rent.”
Uniform Rules for New York City Civil Court (22 NYCRR) § 208.42 (g) states, in relevant part:
“In every summary proceeding brought to recover possession of real property pursuant to section 711 of the Real Property Actions and Proceedings Law, the petitioner shall allege either:
“(1) that the premises are not a multiple dwelling; or
“(2) that the premises are a multiple dwelling and, pursuant to the Administrative Code, sections 27-2097 et seq., there is a currently effective registration statement on file with the office of code enforcement in which the owner has designated a managing agent, a natural person over 21 years of age, to be in control of and responsible for the maintenance and operation of the dwelling.
“The petitioner shall also allege the following information: the multiple dwelling registration number, the registered managing agent’s name, and either the residence or business address of said managing agent.”
The instant petition does plead all of the allegations required by 22 NYCRR 208.42 (g) regarding multiple dwelling status. There is no dispute that the building is a multiple dwelling, pursuant to Multiple Dwelling Law § 4, that there is a current multiple dwelling registration, that the registration number is correct and that the information regarding the managing agent and address of the managing agent are correct. The case law *624 submitted by the respondent is not controlling to show that an illegal basement apartment in an otherwise duly registered multiple dwelling automatically voids the multiple dwelling registration. The purpose of the multiple dwelling registration under Multiple Dwelling Law § 325 is to enable tenants and government authorities to contact owners or persons responsible for the operation of multiple dwellings (390 W. End Assoc. v Raiff, 166 Misc 2d 730 [App Term, 1st Dept]). This intent would be thwarted if the landlord were not permitted to register this information and tenants and government agencies were deprived of a ready means of contacting the landlord of a multiple dwelling for repairs, services or emergencies.
A certificate of occupancy may be revoked by the Board of Standards and Appeals of the City of New York, and constitutional due process requires that the owner be given notice and an opportunity to be heard, because such revocation would affect the owner’s property interests (see, Matter of Schultz Mgt. v Board of Stds. & Appeals of City of N.Y., 103 AD2d 687 [1st Dept]). Because revocation is an administrative determination, it is subject to CPLR article 78 review (id.). Similarly, this court is without authority to deem a multiple dwelling registration ineffective. While the court is mindful of the health and safety concerns reflected in the Multiple Dwelling Law and is cognizant of its mandate to enforce laws for the establishment and maintenance of housing standards, including the Multiple Dwelling Law (see, CCA 110), it may not deprive a litigant of access to the courts or take away a cause of action without specific statutory authority.
In the instant case, the petition satisfies the pleading requirements of 22 NYCRR 208.42 (g). Accordingly, the lack of a certificate of occupancy for this basement apartment is not a legal barrier to maintaining this holdover proceeding. Inasmuch as there has not yet been any testimony or evidence presented, the petitioner must establish all the elements of her prima facie case at trial.