Barrett Japaning Inc., Petitioner-Landlord- 570617/16 
against
Anna Bialobroda, Respondent-Tenant-Appellant, 16-479 -and- "John Doe" and "Jane Doe," Respondents-Undertenants.



Tenant appeals from two orders of the Civil Court of the City of New York, New York County (Michael L. Weisberg, J.), dated June 13, 2016, which denied her pre-answer motions to dismiss the petitions in two holdover summary proceedings.




Per Curiam:
Orders (Michael L. Weisberg, J.), dated June 13, 2016, affirmed, with one bill of $10 costs.
Tenant's motions to dismiss these illegal sublet holdover proceedings premised upon claimed inadequacies in the predicates notices/petitions were properly denied. Measured against the test of reasonableness in view of the attendant circumstances (see Oxford Towers Co., LLC v Leites, 41 AD3d 144, 144-145 [2007]), the notices were facially sufficient. The termination notice and notice to cure sufficiently identified the proprietary lease provisions allegedly violated by tenant-shareholder, including paragraphs 14 ("Subletting") and 30(c) ("Termination of Lease by Lessor—-Assignment Subletting or Unauthorized Occupancy") (see 49 W. 12 Tenants Corp. v Seidenberg, 6 AD3d 243, 244 [2004]). Contrary to tenant's assertion, the holdover proceedings were not based upon tenant's "objectionable conduct," so as to require certain procedures under the proprietary lease prior to the commencement of the instant holdover proceedings. Nor did any irregularity in the notices concerning the termination date "materially misle[a]d or confuse[ ] the tenant or hinder[ ] the preparation of [her] defense" (see Oxford Towers Co., LLC v Leites, 41 AD3d at 145).
The holdover petitions also properly stated the parties' interests in the specified units sought to be recovered under the governing proprietary leases; the rent regulatory status of the premises; and the facts upon which the proceedings were based, in compliance with the pleading requirements of RPAPL § 741. The absence of a certificate of occupancy did not bar the [*2]landlord from recovering possession of the premises in a holdover proceeding (see Lee v Gasoi, 113 Misc 2d 760 [1982], affd 126 Misc 2d 719 [1984], affd 119 AD2d 1016 [1986]). Nor were these 2015 proceedings barred by tenant's 2012 application for Loft Law coverage or the 2016 Loft Board Order, which determined tenant's units qualified for Loft Law coverage.
We have considered tenant's remaining contentions in these protracted litigations and find them to be without merit.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur 
Decision Date: February 28, 2017